POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Fl.
New York, New York 10016
jnagi@polsinelli.com
(212) 644-2092
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,

Plaintiff,

-against-

366 REALTY LLC; JOSHUA MIZRAHI; MODERN MD MANAGEMENT SERVICES LLC; CRIMINAL COURT OF THE CITY OF NEW YORK; NYC ENVIRONMENTAL CONTROL BOARD; VICTOR GUAMAN A/K/A VICTOR GUMAN; MARIA GLADYS UVIDIA DERAMO A/K/A MARIA A. RAMOS A/K/A MARIA G. RAMOS A/K/A MARIA UVIDIA RAMOS A/K/A MARIA UVIDIA; ANGEL M. RAMOS A/K/A ANGELO RAMOS; DIMAS RAMOS; NANCY MOLINA; LUIS MURILLO; SUSANA LOPEZ; ENEDINA GONZALEZ ZAMAC A/K/A ENEDENA GONZALEZ; ANGEL AVEL; and, "JOHN DOE NO. I" to "JOHN DOE NO. X," inclusive the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

Case No.: ________________

**COMPLAINT**

Plaintiff Wells Fargo Bank National Association as Trustee for the Holders of COMM 2014-UBS6 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("**Plaintiff**"), by and through its attorneys, for its Complaint against defendants, 366 Realty LLC; Joshua Mizrahi; Modern MD Management Services LLC; Criminal Court of the City of New York; NYC Environmental Control Board; Victor Guaman a/k/a Victor Guman; Maria Gladys Uvidia

Deramo a/k/a Maria A. Ramos a/k/a Maria G. Ramos a/k/a Maria Uvidia Ramos a/k/a Maria Uvidia; Angel M. Ramos a/k/a Angelo Ramos; Dimas Ramos; Nancy Molina; Luis Murillo; Susana Lopez; Enedina Gonzalez Zamac a/k/a Enedena Gonzalez; Angel Avel; and, John Doe No. I to John Doe No. X, states as follows:

***The Parties***

1. Plaintiff is a national banking association organized and existing under the laws of the United States of America, acting as trustee for a trust that has elected to be treated as a real estate mortgage investment conduit under the Internal Revenue Code of 1986. Plaintiff is a citizen of the State of South Dakota, where it maintains its principal office at 101 North Phillips Ave., Sioux Falls, South Dakota.

2. Defendant 366 Realty LLC ("**Borrower**") is New York limited liability company with its place of business at 1759 E. 17th Street, Brooklyn, New York 11229 with Joshua Mizrahi as its sole member.

3. Defendant Joshua Mizrahi ("**Mizrahi**") is an adult individual who can be served at 1759 E. 17th Street, Brooklyn, New York 11229 and is a citizen of New York State. Mizrahi is named as a party defendant herein based upon his status as guarantor of the loan having or claiming an interest in or lien upon the premises described in the Complaint.

4. Defendant Modern MD Management Services LLC ("**MMMS**") is a New York limited liability company which can be served through its registered agent CT Corporation System, at 111 Eighth Ave., 13th Floor, New York, New York 10011. MMMS is named as a party defendant herein based on its status as a tenant having or claiming an interest in or lien upon the premises described in the Complaint.

5. Defendant Criminal Court of the City of New York (the "**Criminal Court**") can be served at 120 Schermerhorn Street, Brooklyn, New York, 11201. The Criminal Court is named as a party defendant herein based on its status as a potential judgment creditor claiming a lien upon the premises described in the Complaint.

6. Defendant NYC Environmental Control Board (the "**Control Board**") can be served at its New York Law Dept. located at 66 John Street, 10th Floor, New York, New York, 10012. The Control Board is named as a party defendant herein based on its status as a potential judgment creditor claiming lien upon the premises described in the Complaint.

7. Defendant Victor Guaman a/k/a Victor Guman ("**Guaman**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 2r, Brooklyn, New York 11237 and is a citizen of New York State. Guaman is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

8. Defendant Maria Gladys Uvidia Deramo a/k/a Maria A. Ramos a/k/a Maria G. Ramos a/k/a Maria Uvidia Ramos a/k/a Maria Uvidia ("**Deramo**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 3R, Brooklyn, New York 11237 and is a citizen of the New York State. Deramo is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

9. Defendant Angel M. Ramos a/k/a Angelo Ramos ("**A. Ramos**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 3R, Brooklyn, New York 11237

and is a citizen of New York State. A. Ramos is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

10. Defendant Dimas Ramos ("**D. Ramos**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 3R, Brooklyn, New York 11237 and is a citizen of New York State. D. Ramos is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

11. Defendant Nancy Molina ("**Molina**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 2R, Brooklyn, New York 11237 and is a citizen of New York State. Molina is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

12. Defendant Luis Murillo ("**Murillo**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 2L, Brooklyn, New York 11237 and is a citizen of New York State. Murillo is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

13. Defendant Susana Lopez ("**Lopez**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 2L, Brooklyn, New York 11237 and is a citizen of New York State. Lopez is named as a party defendant herein based on his or her status as a tenant having or

claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

14. Defendant Enedina Gonzalez Zamac a/k/a Enedina Gonzalez ("**Gonzalez**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 3L, Brooklyn, New York 11237 and is a citizen of New York State. Gonzalez is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

15. Defendant Angel Avel ("**Avel**") is an adult individual who can be served at 366 Knickerbocker Ave., Apt. 3L, Brooklyn, New York 11237 and is a citizen of New York State. Avel is named as a party defendant herein based on his or her status as a tenant having or claiming an interest in or lien upon the Property, as that term is defined below, that is subordinate to Plaintiff's lien which will be extinguished by virtue of Plaintiff's foreclosure.

16. Defendants John Does I through X are currently unknown to Plaintiff, but, on information and belief, are tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint.

***Jurisdiction and Venue***

17. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

***The Loan Transaction***

19. Borrower signed and delivered to Cantor Commercial Real Estate Lending, L.P. ("**Original Lender**") that certain Gap Note (as amended from time to time, the "**Gap Note**"), dated as of November 6, 2014, in the original principal amount of $822,669.42 (the "**Gap Loan**"). A true and correct copy of the Gap Note is attached hereto as **Exhibit A**.

20. The indebtedness owed under the Gap Note was secured by the Property, as evidenced by that certain Gap Mortgage, Assignment of Leases and Rents and Security Agreement (the "**Gap Mortgage**"), signed by Borrower and delivered for the benefit of Original Lender, and the Property is legally described on Exhibit A to the Gap Mortgage. A true and correct copy of the Gap Mortgage is attached hereto as **Exhibit B.**

21. The Gap Mortgage was duly recorded in the Office of the City Register of the City of New York, Kings County, on November 28, 2014, as CRFN 2014000393968. (Ex. G).

22. On or about November 6, 2014, Borrower entered into the certain loan transaction with Original Lender, as evidenced by that certain Loan Agreement (the "**Loan Agreement**"), dated as of November 6, 2014. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit C**.

23. Borrower signed and delivered to Original Lender, that certain Amended, Restated and Consolidated Promissory Note attached thereto (as amended from time to time, collectively, the "**Note**"), dated as of November 6, 2014, in the original principal amount of $2,200,000.00 (the "**Loan**"). A true and correct copy of the Note and allonge is attached hereto as **Exhibit D**.

24. The Gap Note was combined with, consolidated and restated by the Note. (Ex. H, pg. 1, Schedule B).

25. The indebtedness owed under the Note is secured by the Property, as evidenced by a certain Mortgage, Security Agreement and Assignment of Leases and Rents dated as of July 13, 2006 (the "**Original Mortgage**"), signed by Borrower for the benefit of North Fork Bank ("**North Fork**"). A true and correct copy of the Original Mortgage is attached hereto as **Exhibit E**.

26. The Original Mortgage was duly recorded in the Office of City Register of the City of New York, Kings County (the "**Public Records**"), on August 22, 2006, as CRFN 2006000473672.

27. Pursuant to an Assignment of Mortgage dated December 12, 2011 (the "**North Fork Assignment**"), North Fork assigned and transferred to FTBK Investor III LLC, as Trustee for NY Brooklyn Investor III Trust 1 ("**FTBK**") all of North Fork's right, title, and interest in and to the Original Mortgage. A true and correct copy of the North Fork Assignment is attached hereto as **Exhibit F**.

28. The North Fork Assignment was duly recorded in the Public Records on February 29, 2012 as CRFN 2012000079054.

29. Pursuant to an Assignment of Mortgage dated October 20, 2014 (the "**FTBK Assignment**"), FTBK assigned and transferred to Original Lender all of FTBK's right, title, and interest in and to the Original Mortgage. A true and correct copy of the FTBK Assignment is attached hereto as **Exhibit G**.

30. The FTBK Assignment was duly recorded in the Public Records on November 28, 2014 as CRFN 2014000393967.

31. The indebtedness owed under the Note is further secured by the Property, as evidenced by a certain Amended, Restated and Consolidated Mortgage, Assignment of Leases

and Rents, Security Agreement and Fixture Filing dated as of November 6, 2014 (the "**Amended Mortgage**"), signed by Borrower and delivered for the benefit of Original Lender.

32. Under the Amended Mortgage, Borrower granted to Original Lender a first-priority lien on certain real property, improvements thereon, and personal property, all as more fully described in the Amended Mortgage (collectively, the "**Property**").  A true and correct copy of the Amended Mortgage is attached hereto as **Exhibit H.**

33. The Amended Mortgage was duly recorded in the Public Records on November 28, 2014, as CRFN 2014000393969.  (Ex. H).

34. Pursuant to the Amended Mortgage, the Original Mortgage was restated, amended by and consolidated with the Amended Mortgage.  (Ex. H, pg. 1, Schedule B).

35. As further security for the obligations owed by Borrower to Original Lender, including the obligations of Borrower under the Note, Borrower signed and delivered to Original Lender that certain Assignment of Leases and Rents, dated as of November 6, 2014 (the "**ALR**").  A true and correct copy of the ALR is attached hereto as **Exhibit I**.

36. The ALR was duly recorded in the Public Records on November 28, 2014, as CRFN 2014000393970.  (Ex. I).

37. In connection with the making of the Loan, Mizrahi ("**Guarantor**") executed a Guaranty of Recourse Obligations dated November 6, 2014 (the "**Guaranty**").  A true and correct copy of the Guaranty is attached hereto as **Exhibit J**.

38. Pursuant to an Assignment of Mortgage dated December 9, 2014 (the "**Assignment**"), Original Lender assigned and transferred to Plaintiff all rights, title, interest in and to the Loan, Loan Agreement, Note, Amended Mortgage, ALR, Guaranty, and all other

documents further evidencing, securing or executed in connection with the indebtedness owed under the Note. A true and correct copy of the Assignment is attached hereto as **Exhibit K**.

39. The Loan Agreement, Note, Amended Mortgage, ALR, Guaranty, and all other documents further evidencing, securing or executed in connection with the debt owned under the Note are referred to herein collectively as the "**Loan Documents**."

40. Original Lender subsequently assigned the Loan Documents including the Note to Plaintiff as evidenced by the allonge attached to the Note, as executed by Original Lender in favor of Plaintiff. (Ex. D; Ex. K).

41. In connection with the assignment of the Loan, the original Loan Documents including the Note and other Loan Documents were delivered to Plaintiff, and, thus, Plaintiff is the current holder and owner of the Loan Documents. (Ex. K).

42. Prior to the commencement of this action, Plaintiff has been in exclusive possession of the original Note, endorsed to Plaintiff, and has not transferred the same to any other person or entity.

***Default Under the Loan Documents***

43. The Loan Documents provide, among other things:

(a) Borrower shall make monthly payments of principal and interest and other amounts;

(b) Borrower is required to ensure that all rents are deposited into a clearing account;

(c) Borrower is required to remit all excess cash to Plaintiff;

(d) Borrower is required to deliver financial statements to Plaintiff;

(e) Borrower is required to receive Plaintiff's prior written consent before entering into any leases at the Property;

(f) in the event of a default by the Borrower, the entire unpaid principal, accrued interest, prepayment premium, and all other amounts payable under the Loan Documents may be accelerated at Plaintiff's option;

(g) in the event of a default by the Borrower, Borrower's license to collect the rents generated by the Property may be revoked;

(h) in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

(i) Plaintiff shall be entitled to legal expenses, costs and fees; and

(j) in the event of a default by the Borrower, interest at the default rate set forth in the Loan Documents shall be owed by the Borrower.

44. Borrower was and is in default under the terms of the Loan Documents.

45. By letter dated February 19, 2016 (the "**First Default Letter**"), Plaintiff notified Borrower that it was in default under the Loan for failure to have all rents deposited into the requisite clearing account, failure to remit all Excess Cash, as that term is defined in the Loan Documents, to Plaintiff, failure to deliver outstanding financial statements to Plaintiff, and execution of a lease at the Property without Plaintiff's prior review and consent and demanded cure of the same. A true and correct copy of the First Default Letter sent to Borrower is attached hereto as **Exhibit L**.

46. By Letter dated April 20, 2016 (the "**Second Default Letter**"), Plaintiff notified Borrower that it was in default under the Loan for the same reasons specified in the First Default

Letter and demanded cure of the same. A true and correct copy of the Second Default Letter sent to Borrower is attached hereto as **Exhibit M**.

47. By Letter dated July 21, 2016 (the "**Third Default Letter**"), Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter and Second Default Letter and demanded cure of the same. A true and correct copy of the Third Default Letter sent to Borrower is attached hereto as **Exhibit N**.

48. By Letter dated August 11, 2016 (the "**Fourth Default Letter**"), Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter, Second Default Letter, and Third Default Letter and demanded cure of the same. A true and correct copy of the Fourth Default Letter sent to Borrower is attached hereto as **Exhibit O**.

49. By Letter dated January 19, 2017 (the "**Fifth Default Letter**"), through its counsel, Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter, Second Default Letter, Third Default Letter, and Fourth Default Letter and demanded cure of the same (collectively, the "**Default Letters**"). In addition, the Fifth Default Letter notified Borrower that it had failed to make the monthly payments for the month of December 2016. A true and correct copy of the Fifth Default Letter sent to Borrower is attached hereto as **Exhibit P**.

50. As a result of the defaults and failure to cure those defaults, the Note was accelerated on April 3, 2017.

51. In connection with the acceleration counsel for Plaintiff notified Borrower by letter dated April 3, 2017 ("**Acceleration Letter**"), that the Loan had been accelerated due to Borrower's failure to cure the defaults referenced in the Default Letters. In addition the

Acceleration Letter notified Borrower of its failure to make the monthly debt service payments for the months of February and March, 2017. A true and correct copy of the Acceleration Letter sent to Borrower is attached hereto as **Exhibit Q**.

52. Borrower has failed to cure the defaults and remains in default under the Loan Documents.

***Amounts Due Under the Loan Documents***

53. As of April 13, 2017, the following amounts are due and owing to Plaintiff under the Loan Documents:

(a) Unpaid principal balance of $2,141,753.90;

(b) Interest accrued from January 1, 2017, through April 13, 2017 (102 days) at 5.817% in the amount of $33,568.96;

(c) Default interest accrued from February 19, 2016, through April 13, 2017 (419 days) at 5.00% in the amount of $125,357.13;

(d) Prior default interest in the amount of $51,125.15;

(e) Advances in the amount of $41,579.90;

(f) Late charge the amount of $19,503.64;

(g) Special servicing fee in the amount of $3,468.72;

(h) Special administration fee in the amount of $300.00;

(i) Yield maintenance in the amount of $242,058.92;

(j) Accommodation fee in the amount of $7,959.65;

(k) Liquidation fee in the amount of $21,417.54;

(l) Interest on advances in the amount of $152.06;

(m) Any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents for the protection, preservation and realization of the Property, including processing fees, late charges, inspection fees, expenses, administrative fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property;

(n) Less any funds paid by Borrower but not yet applied to the debt by Plaintiff; and

(o) Any other amounts due and owing under the Loan Documents.

***Right to Possession and Rents***

54. Under Section 7.1(h) of the Amended Mortgage, upon the occurrence of an Event of Default, Plaintiff is entitled to take possession of the Property and may collect the Rents.

55. In addition, under Section 3.1 of the ALR, the license granted to Borrower to collect and retain Rents was revoked upon an Event of Default under the Loan Documents.

56. Plaintiff is entitled to an order directing all rents, issues and profits from the Property be remitted to Plaintiff in accordance with the terms of the Amended Mortgage and other Loan Documents and directing that any such amounts be used to reduce the indebtedness described above.

***Right to Foreclosure***

57. Under the Amended Mortgage, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure. Thus, Plaintiff is entitled to an Order from the Court that

the Amended Mortgage be foreclosed, that the liens provided therein be declared as first and prior liens on the Property and that Plaintiff be granted immediate possession of the Property.

58.  No other action has been brought to recover any part of the debt under the Amended Mortgage, Note, or other Loan Documents.

59.  Victor Guaman; Maria Gladys Uvidia Deramo; Angel M. Ramos; Dimas Ramos; Maria A. Ramos; Maria G. Ramos; Maria Uvidia Ramos; Maria Uvidia; Nancy Molina; Luis Murillo; Susana Lopez; Enedina Gonzalez Zamac; Enedena Gonzalez; Angel Avel

60.  The Defendants Mizrahi, MMMS, the Criminal Court, the Control Board, Guaman, Deramo, A. Ramos, D. Ramos, M.A. Ramos, M.G. Ramos, M.U. Ramos, Uvidia, Molina, Murillo, Lopez, Zamac, Gonzalez, Avel, and John Doe No. I to John Doe No. X have or claim to have some interest in, or lien upon, the Property or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the Amended Mortgage, and is subject and subordinate thereto; as such, Defendants Mizrahi, MMMS, Guaman, Deramo, A. Ramos, D. Ramos, Molina, Murillo, Lopez, Gonzalez, Avel, and John Doe No. I to John Doe No. X should assert whatever interest they have or may claim to have in the Property

61.  Plaintiff may not be deemed to have waived, altered, released, or changed its election to foreclose by reason of any payment made after the date of commencement of this action of any and all of the defaults identified herein.

62.  Plaintiff specifically reserves the right to pursue a temporary injunction, appointment of receiver, or other relief with respect to its rights under the Loan Documents. Pursuant to N.Y. Real Prop. Acts. Law §1371, Plaintiff will move the Court to enter final judgment against Borrower for any residue of the debt under the Note remaining unsatisfied after the foreclosure sale of the Property is completed.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

  A. Finding that Plaintiff has a first and best lien on the Property;

  B. Ordering that Plaintiff has the legal right and is authorized to foreclose on the Property:

    (i) in one parcel according to law together with the fixtures and articles of personalty upon the premises;

    (ii) subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

    (iii) subject to any state of facts that an accurate survey would show;

    (iv) subject to covenants and restrictions of record, if any; and

    (v) subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the premises;

  C. Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants to this Complaint;

  D. Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and all amounts due to Plaintiff under the Note;

  E. Ordering and directing that the Sheriff of Kings County, New York, or any United States Marshall, or any referee appointed in this action, foreclose the Property and deliver title via a Sheriff's Deed or Referee's Deed, and bill of sale, as appropriate, to the successful bidder at such foreclosure;

  F. Ordering and directing that the proceeds of the sale be applied as follows:

      (i)      to payment of the expenses of the sale;

      (ii)     to the payment of the debt owed to Plaintiff under the Note;

      (iii)    to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

      (iv)    to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

      (v)     to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

      (vi)    the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrower, in accordance with further order of the Court;

G.     Ordering that Borrower has no right of redemption or reinstatement with respect to the Property;

H.     Finding that Plaintiff has preserved its right to pursue any deficiency that may exist under the Note and other Loan Documents after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrower for such deficiency; and

I.     Ordering all further relief is just, proper, and equitable.

Dated:  New York, New York
         June 13, 2017

POLSINELLI PC

By: *___/s/ Jason A. Nagi___*

JASON A. NAGI
600 Third Avenue, 42nd Floor
New York, NY 10016
jnagi@polsinelli.com
(212) 644-2092

ATTORNEYS FOR PLAINTIFF WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES

VERIFICATION

Steven Taylor, under penalty of perjury and pursuant to 28 U.S.C. § 1746, hereby declares that:

I am employed by Midland Loan Services, a PNC Real Estate Business, the special servicer for Plaintiff in this action. I am duly authorized to verify the accompanying Complaint on behalf of Plaintiff. I verify this complaint based upon, in part, my own personal knowledge and information gathered for me by employees of plaintiff who have a business duty to accurately report such information. I am informed and believe that no one person has personal knowledge of all the matters set forth in the attached Complaint. Based upon the above, I verify that the facts set forth in the accompanying Complaint are truthful and accurate.

Dated June 7, 2017.

By: ______________________
Steven Taylor