POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, NY 10016
jnagi@polsinelli.com
(212) 644-2092
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>-against-<br><br>366 REALTY LLC, et al.,<br><br>Defendants. | No.: 17-cv-3570-SJ-SMG |

## DECLARATION OF STEVEN TAYLOR
## SUPPORTING MOTION TO APPOINT RECEIVER

STEVEN TAYLOR declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am an asset manager for Midland Loan Services, the loan servicer and authorized agent for Wells Fargo Bank National Association as Trustee for the Holders of COMM 2014-UBS6 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("**Plaintiff**"), the foreclosing lender, and am fully familiar with the facts set forth below, unless alleged to be on information and belief.

2. I make this statement in support of Plaintiff's Motion for the Appointment of Receiver because 366 Realty LLC ("**Borrower**"), has failed to comply with the terms of that certain mortgage executed by Borrower and delivered to Cantor Commercial Real Estate

59988401.3

Lending, L.P. (the "**Mortgage**"), in the following ways: (a) failing to have all rents deposited into the requisite clearing accounts, (b) failing to deliver outstanding financial statements to Plaintiff, (c) entering into lease agreements at the property subject to foreclosure without Lender's prior consent, and (d) failure to make monthly debt payments as and when due.

## PROCEDURAL AND FACTUAL HISTORY

3. Lender filed its Complaint (the "**Complaint**") in the United States District Court for the Eastern District of New York on June 13, 2017. (*See* Docket entry #1). A true and correct copy of the Compliant is attached hereto as **Exhibit A**.

4. On or about November 6, 2014, Borrower signed and delivered to Cantor Commercial Real Estate Lending, L.P. ("**Original Lender**") that certain Gap Note (as amended from time to time, the "**Gap Note**"), dated as of November 6, 2014, in the original principal amount of $822,669.42 (the "**Gap Loan**"). (*See* **Exhibit A** attached to the Complaint.)

5. The indebtedness owed under the Gap Note was secured by the Property, as evidenced by that certain Gap Mortgage, Assignment of Leases and Rents and Security Agreement (the "**Gap Mortgage**"), signed by Borrower and delivered for the benefit of Original Lender, and the Property is legally described on Exhibit A to the Gap Mortgage. (*See* **Exhibit B** attached to the Complaint.)

6. On or about November 6, 2014, Borrower entered into the certain loan transaction with Original Lender, as evidenced by that certain Loan Agreement (the "**Loan Agreement**"), dated November 6, 2014. (*See* **Exhibit C** attached to the Complaint), and that certain Mortgage (the "**Mortgage**") dated July 13, 2006. (*See* **Exhibit E** attached to the Complaint).

7. Borrower signed and delivered to Original Lender, that certain Amended, Restated and Consolidated Promissory Note attached thereto (as amended from time to time,

collectively, the "**Note**"), dated as of November 6, 2014, in the original principal amount of $2,200,000.00 (the "**Loan**"). (*See* **Exhibit D** attached to the Complaint.)

8. The Note, the Mortgage, and all other documents further evidencing, securing or executed in connection with the debt owed under the Note, all of which are referred to herein collectively as the "**Loan Documents**," have been assigned to Lender. Plaintiff is the owner and holder of the Loan Documents.

9. The Property is a mixed use residential and commercial property.

10. According to a rent roll delivered to Plaintiff after the origination of the Loan, the approximate monthly rental income for the Property as of 2015 was $17,900.00. (A true and correct copy of the rent roll is attached hereto as **Exhibit B**.)

## BORROWER'S DEFAULTS

11. As noted in the Complaint, Borrower is required to do the following, among other things:

    (a) Borrower shall make monthly payments of principal and interest and other amounts;

    (b) Borrower is required to ensure that all rents are deposited into a clearing account;

    (c) Borrower is required to remit all excess cash to Plaintiff;

    (d) Borrower is required to deliver financial statements to Plaintiff;

    (e) Borrower is required to receive Plaintiff's prior written consent before entering into any leases at the Property;

59988401.3

 (f) in the event of a default by the Borrower, the entire unpaid principal, accrued interest, prepayment premium, and all other amounts payable under the Loan Documents may be accelerated at Plaintiff's option;

 (g) in the event of a default by the Borrower, Borrower's license to collect the rents generated by the Property may be revoked;

 (h) in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

 (i) Plaintiff shall be entitled to legal expenses, costs and fees; and

 (j) in the event of a default by the Borrower, interest at the default rate set forth in the Loan Documents shall be owed by the Borrower. *See* Ex. A.

12. As further set forth in the Complaint, Lender has repeatedly notified Borrower that it was in default under the Loan for failure to have all rents deposited into the requisite clearing account, failure to remit all Excess Cash, as that term is defined in the Loan Documents, to Plaintiff, failure to deliver outstanding financial statements to Plaintiff, execution of a lease at the Property without Plaintiff's prior review and consent, and failure to make monthly debt payments under the Loan as and when due.

13. By letter dated February 19, 2016 (the "**First Default Letter**"), Plaintiff notified Borrower that it was in default under the Loan for failure to have all rents deposited into the requisite clearing account, failure to remit all Excess Cash[1], to Plaintiff, failure to deliver outstanding financial statements to Plaintiff, and execution of a lease at the Property without Plaintiff's prior review and consent. (A true and correct copy of the First Default Letter is attached to the Complaint as **Exhibit L**).

---

[1] Excess Cash is defined the Loan Agreement as all amounts remaining after payment of money toward certain categories of payments under Section 2.7.2(b) of the Loan Agreement.

4

59988401.3

14. By Letter dated April 20, 2016 (the "**Second Default Letter**"), Plaintiff notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter. (A true and correct copy of the Second Default Letter is attached to the Complaint as **Exhibit M**).

15. By Letter dated July 21, 2016 (the "**Third Default Letter**"), Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter and Second Default Letter. (A true and correct copy of the Third Default Letter is attached to the Complaint as **Exhibit N**).

16. By Letter dated August 11, 2016 (the "**Fourth Default Letter**"), Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter, Second Default Letter, and Third Default Letter. (A true and correct copy of the Fourth Default Letter is attached to the Complaint as **Exhibit O**).

17. By Letter dated January 19, 2017 (the "**Fifth Default Letter**"), through its counsel, Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter, Second Default Letter, Third Default Letter, and Fourth Default Letter (collectively, the "**Default Letters**"). In addition, the Fifth Default Letter notified Borrower that it had failed to make the monthly payments for the month of December 2016. (A true and correct copy of the Fifth Default Letter is attached to the Complaint as **Exhibit P**).

18. As a result of the defaults, the Note was accelerated on April 3, 2017.

19. In connection with the acceleration counsel for Plaintiff notified Borrower by letter dated April 3, 2017 ("**Acceleration Letter**"), that the Loan had been accelerated due to Borrower's failure to cure the defaults referenced in the Default Letters. In addition, the

5

Acceleration Letter notified Borrower of its failure to make the monthly debt service payments for the months of February and March, 2017. (A true and correct copy of the Acceleration Letter is attached to the Complaint as **Exhibit Q**).

### THE MORTGAGE ENTITLES PLAINTIFF TO HAVE A RECEIVER APPOINTED

20. Section 7.1(g) of the Mortgage states: "Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender may ... apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt..." Copies of relevant portions of the Mortgage are attached hereto as **Exhibit C**.

21. As a result of the Borrower's abject failure to manage the property and comply with its obligations under the Mortgage and other loan documents, Plaintiff requests that the court appoint a receiver.

22. Plaintiff respectfully requests that the Court appoint Tom Gagliano to serve as receiver. Mr. Gagliano is eligible and registered to serve as receiver and managing agent in this District. It is requested that no undertaking be required. The appointment of a receiver to manage the Property during the pendency of this litigation is appropriate.

Dated: New York, New York
       October 25, 2017

_____
Steven Taylor

59988401.3