Wenig Saltiel LLP
Dan M. Blumenthal, Esq.
26 Court Street, Suite 1200
New York, NY 11242
dblumenthal@ltattorneys.com
Attorneys for Defendants
366 Realty LLC and Joshua Mizrahi

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,

                             Plaintiff,

-against-

366 REALTY LLC, JOSHUA MIZRAHI; MODERN MD MANAGEMENT SERVICES LLC; CRIMINAL COURT OF THE CITY OF NEW YORK; NYC ENVIRONMENTAL CONTROL BOARD; VICTOR GUAMAN A/K/A VICTOR GUMAN; MARIA GLADYS UVIDIA DERAMO A/K/A MARIA A. RAMOS A/K/A MARIA G. RAMOS A/K/A MARIA UVIDIA RAMOS A/K/A MARIA UVIDIA; ANGEL M. RAMOS A/K/A ANGELO RAMOS; DIMAS RAMOS; NANCY MOLINA; LUIS MURILLO; SUSANA LOPEZ; ENEDINA GONZALEZ ZAMAC A/K/A ENEDENA GONZALEZ; ANGEL AVEL; and, "JOHN DOE NO. I to "JOHN DOE NO. X," inclusive the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                             Defendants.

**Civil Action No.: 17-cv-3570**

**DEFENDANTS 366 REALTY LLC and JOSHUA MIZRAHI'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS**

---

Pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, Defendants 366 Realty LLC ("Borrower") and Joshua Mizrahi ("Member/Guarantor") hereby submit this response to Plaintiff Wells Fargo Bank

1

National Association As Trustee for the Holders of Comm 2014 UBS6 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Wells Fargo")'s Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment and to Strike the Answer.

1. Plaintiff is a national banking association organized and existing under the laws of the United States of America, acting as trustee for a trust that has elected to be treated as a real estate mortgage investment conduit under the Internal Revenue Code of 1986. Plaintiff is a citizen of the State of South Dakota, where it maintains its principal office at 101 North Phillips Ave., Sioux Falls, South Dakota. (See Docket #1, Verified Complaint at ¶ 1.)

    **Response:** Not disputed, with clarification. Defendants lack sufficient information to form a belief as to whether the trust has elected to be treated as a real estate mortgage investment conduit under the Internal Revenue Code of 1986.

2. Defendant 366 Realty LLC ("Borrower") is New York limited liability company with its place of business at 1759 E. 17th Street, Brooklyn, New York 11229 with Joshua Mizrahi as its sole member. (Id. at ¶ 2.

    **Response:** Not Disputed

2

3. Defendant Joshua Mizrahi ("Mizrahi") is an adult individual who can be served at 1759 E. 17th Street, Brooklyn, New York 11229 and is a citizen of New York State. Mizrahi is named as a party defendant herein based upon his status as guarantor of the loan having or claiming an interest in or lien upon the premises described in the Complaint. (Id. at ¶ 3.).

**Response:** Not Disputed

4. Borrower signed and delivered to Cantor Commercial Real Estate Lending, L.P.("Original Lender") that certain Gap Note (as amended from time to time, the "Gap Note"), dated as of November 6, 2014, in the original principal amount of $822,669.42 (the "Gap Loan"). (Id. at ¶ 19, Exhibit A thereto (Gap Note).)

**Response:** Not Disputed

5. The indebtedness owed under the Gap Note was secured by the Property, as evidenced by that certain Gap Mortgage, Assignment of Leases and Rents and Security Agreement (the "Gap Mortgage"), signed by Borrower and delivered for the benefit of Original Lender, and the Property is legally described on Exhibit A to the Gap Mortgage. (Id. at ¶ 20, Ex.B thereto (Gap Mortgage).

**Response:** Not Disputed

6. On or about November 6, 2014, Borrower entered into the certain loan transaction with Original Lender, as evidenced by that certain Loan Agreement (the "Loan Agreement"), dated as of November 6, 2014. (Id. at ¶ 22, Ex. C thereto (Loan Agreement).)

**Response:** Not Disputed

7. Borrower signed and delivered to Original Lender, that certain Amended, Restated and Consolidated Promissory Note attached thereto (as amended from time to time, collectively, the "Note"), dated as of November 6, 2014, in the original principal amount of $2,200,000.00 (the "Loan"). (Id. at ¶ 23, Ex. D thereto (Note).)

**Response:** Not Disputed

8. The Gap Note was combined with, consolidated and restated by the Note. (Id. Ex. H thereto, pg. 1, Schedule B).

**Response:** Not Disputed

9. The indebtedness owed under the Note is secured by the Property, as evidenced by a certain Mortgage, Security Agreement and Assignment of Leases and Rents dated as of July 13, 2006 (the "Original Mortgage"), signed by

4

Borrower for the benefit of North Fork Bank ("North Fork"). (Id. at ¶ 25, Ex. E thereto (Original Mortgage).

**Response:** Not Disputed

10. Pursuant to an Assignment of Mortgage dated December 12, 2011 (the "NorthFork Assignment"), North Fork assigned and transferred to FTBK Investor III LLC, as Trustee for NY Brooklyn Investor III Trust 1 ("FTBK") all of North Fork's right, title, and interest in and to the Original Mortgage. (Id. at ¶ 27, Ex. F thereto (North Fork Assignment).)

**Response:** Not Disputed,

11. Pursuant to an Assignment of Mortgage dated October 20, 2014 (the "FTBK Assignment"), FTBK assigned and transferred to Original Lender all of FTBK's right, title, and interest in and to the Original Mortgage. (Id. at ¶ 29, Ex. G thereto (FTBK Assignment).)

**Response:** Disputed, Assignment defective as a matter of law

12. The indebtedness owed under the Note is further secured by the Property, as evidenced by a certain Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as

5

of November 6, 2014 (the "Amended Mortgage"), signed by Borrower and delivered for the benefit of Original Lender. (Id. at ¶ 31)

**Response:** Not Disputed

13. Under the Amended Mortgage, Borrower granted to Original Lender a first priority lien on certain real property, improvements thereon, and personal property, all as more fully described in the Amended Mortgage (collectively, the "Property"). (Id. at ¶ 32, Ex. H thereto (Amended Mortgage).

**Response:** Not Disputed

14. Pursuant to the Amended Mortgage, the Original Mortgage was restated, amended by and consolidated with the Amended Mortgage. (Id., Ex. H thereto, pg. 1, Schedule B).

**Response:** Not Disputed

15. As further security for the obligations owed by Borrower to Original Lender, including the obligations of Borrower under the Note, Borrower signed and delivered to Original Lender that certain Assignment of Leases and Rents, dated as of November 6, 2014 (the "ALR"). (Id. at ¶ 35, Ex. I thereto (ALR).

**Response:** Not Disputed

16. In connection with the making of the Loan, Mizrahi ("Guarantor") executed a Guaranty of Recourse Obligations dated November 6, 2014 (the "Guaranty"). (Id. at ¶ 37, Ex. J thereto (Guaranty).)

**Response:** Not Disputed

17. Pursuant to an Assignment of Mortgage dated December 9, 2014 (the "Assignment"), Original Lender assigned and transferred to Plaintiff all rights, title, interest in and to the Loan, Loan Agreement, Note, Amended Mortgage, ALR, Guaranty, and all other documents further evidencing, securing or executed in connection with the indebtedness owed under the Note. (Id. at ¶ 38, Ex. K thereto (Assignment).)

**Response:** Not Disputed

18. The Loan Agreement, Note, Amended Mortgage, ALR, Guaranty, and all other documents further evidencing, securing or executed in connection with the debt owned under the Note are referred to herein collectively as the "Loan Documents." (Id. at ¶ 39).

**Response:** Not Disputed

19. Original Lender subsequently assigned the Loan Documents including the Note to Plaintiff as evidenced by the allonge attached to the Note, as executed by Original Lender in favor of Plaintiff. (Id. Ex. D; Ex. K thereto.)

**Response:** Disputed, the Allonge annexed to the Original Note is defective on its face and of no legal consequence by reason of failing to specify a date on which the Allonge was executed.

20. In connection with the assignment of the Loan, the original Loan Documents including the Note and other Loan Documents were delivered to Plaintiff, and, thus, Plaintiff is the current holder and owner of the Loan Documents. (Id. Ex. K thereto.)

**Response:** Disputed, as all documents follow the Note which was not properly assigned herein.

21. Prior to the commencement of this action, Plaintiff has been in exclusive possession of the original Note, endorsed to Plaintiff, and has not transferred the same to any other person or entity. (Id. at ¶ 42.)

**Response:** Not Disputed

22. The Loan Documents provide, among other things:

a. Borrower shall make monthly payments of principal and interest and other amounts;

b. Borrower is required to ensure that all rents are deposited into a clearing account;

c. Borrower is required to remit all excess cash to Plaintiff;

d. Borrower is required to deliver financial statements to Plaintiff;

e. Borrower is required to receive Plaintiffs prior written consent before entering into any leases at the Property;

f. in the event of a default by the Borrower, the entire unpaid principal, accrued interest, prepayment premium, and all other amounts payable under the Loan Documents may be accelerated at Plaintiff's option;

g. in the event of a default by the Borrower, Borrower's license to collect the rents generated by the Property may be revoked;

h. in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

i. Plaintiff shall be entitled to legal expenses, costs and fees; and

j. in the event of a default by the Borrower, interest at the default rate set forth in the Loan Documents shall be owed by the Borrower.

(Id. at ¶ 43).

**Response:** Not Disputed

23. Borrower was and is in default under the terms of the Loan Documents. (Id. at ¶44.)

**Response:** Disputed, Plaintiff lacks standing herein and, even if standing is shown, have failed to provide proper notice under the documents

24. By letter dated February 19, 2016 (the "First Default Letter"), Plaintiff notified Borrower that it was in default under the Loan for failure to have all rents deposited into the requisite clearing account, failure to remit all Excess Cash, as that term is defined in the Loan Documents, to Plaintiff, failure to deliver outstanding financial statements to Plaintiff, and execution of a lease at the Property without Plaintiff s prior review and consent and demanded cure of the same. (Id. at ¶ 45, Ex. L thereto (First Default Letter).)

**Response:** Disputed, Plaintiff has failed to provide documentation to defendant which is required under the instruments and necessary to the preparation of proper financial records.

25. By Letter dated April 20, 2016 (the "Second Default Letter"), Plaintiff notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter and demanded cure of the same. (Id. at ¶ 46, Ex. M thereto (Second Default Letter).

**Response:** Disputed to the extent notices were not sent to the parties and addresses set forth in the instruments.

26. By Letter dated July 21, 2016 (the "Third Default Letter"), Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter and Second Default Letter and demanded cure of the same. (Id. at ¶ 47, Ex. M thereto (Third Default Letter).

**Response:** Disputed to the extent notices were not sent to the parties and addresses set forth in the instruments.

27. By Letter dated August 11, 2016 (the "Fourth Default Letter"), Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter, Second Default Letter, and Third Default Letter and demanded cure of the same. (Id. at ¶ 48, Ex. O thereto (Fourth Default Letter).)

**Response:** Disputed to the extent notices were not sent to the parties and addresses set forth in the instruments.

28. By Letter dated January 19, 2017 (the "Fifth Default Letter"), through its counsel, Plaintiff once again notified Borrower that it was in default under the Loan for the same reasons specified in the First Default Letter, Second Default Letter, Third

11

Default Letter, and Fourth Default Letter and demanded cure of the same (collectively, the "Default Letters"). In addition, the Fifth Default Letter notified Borrower that it had failed to make the monthly payments for the month of December 2016. (Id. at ¶ 49, Ex. P thereto (Fifth Default Letter).

**Response:** Disputed to the extent notices were not sent to the parties and addresses set forth in the instruments.

29. As a result of the defaults and failure to cure those defaults, the Note was accelerated on April 3, 2017. (Id. at ¶ 50.)

**Response:** Disputed based upon improper notice, there has been no proper acceleration.

30. In connection with the acceleration counsel for Plaintiff notified Borrower by letter dated April 3, 2017 ("Acceleration Letter"), that the Loan had been accelerated due to Borrower's failure to cure the defaults referenced in the Default Letters. In addition the Acceleration Letter notified Borrower of its failure to make the monthly debt service payments for the months of February and March, 2017. (Id. at ¶ 51, Ex. Q thereto (Acceleration Letter).)

**Response:** Disputed to the extent notices were not sent to the parties and addresses set forth in the instruments.

31. Borrower has failed to cure the defaults and remains in default under the Loan Documents. (Id. at ¶ 52.

   **Response:** Not disputed with clarification of defense as to amounts and notice

32. As of October 11, 2018, the following amounts were due and owing to Plaintiff under the Loan Documents:
    a. Unpaid principal balance of $2,106,327.13
    b. Interest accrued from March 3, 2018, through November 6, 2018 at 5.817% in the amount of $83,385.10;
    c. Default interest accrued from February 19, 2016, through October 11,2018 (965 days) at 5.00% in the amount of $286,164.12;
    d. Prior default interest in the amount of $51,125.15;
    e. Advances in the amount of $53,392.81;
    f. Late charge the amount of $32,994.28;
    g. Special servicing fee in the amount of $11,394.64;
    h. Special administration fee in the amount of $300.00;
    i. Yield maintenance in the amount of $64,107.39;
    j. Accommodation fee in the amount of $7,959.65;
    k. Liquidation fee in the amount of $21,063.27;
    l. Interest on advances in the amount of $2,856.68;
    m. Financial reporting Fee in the amount of $35,000;

    n. Any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents for the protection, preservation and realization of the Property, including processing fees, late charges, inspection fees, expenses, administrative fees, attorneys' fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property;

    o. Less any funds paid by Borrower but not yet applied to the debt by Plaintiff; and

    p. Any other amounts due and owing under the Loan Documents.

**Response:** Disputed as to all fees assessed by reason of the alleged default, including but not limited to default interest (c,d), late charges (f) Special servicing fee, and (g), Special administration fee (h).

33. Under the Amended Mortgage, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure. Thus, Plaintiff is entitled to an Order from the Court that the Amended Mortgage be foreclosed, that the liens provided therein be declared as first and prior liens on the Property and that Plaintiff be granted immediate possession of the Property. (Id. at ¶ 57.).

    **Response:** Not disputed, with clarification as to defense of due notice

34. No other action has been brought to recover any part of the debt under the Amended Mortgage, Note, or other Loan Documents. (Id. at ¶ 58.)

**Response:** Not disputed

35. Borrower agreed to pay Lender's reasonable attorneys' fees, costs and expenses in connection with this matter. Paragraph 1.3 of the Amended Mortgage states: Borrower shall pay to Lender on demand any and all expenses, including reasonable legal expenses and attorneys' fees and costs, incurred or paid by Lender in protecting its interest in the Collateral and in enforcing its rights hereunder with respect to the Collateral after the occurrence and during the continuance of an Event of Default.

**Response:** Not Disputed with clarification that plaintiff is not entitled to such fees except upon proper notice of default to the borrower which did not occur herein.

Dated: Brooklyn, New York
April 26, 2019

Yours etc.

Dan M. Blumenthal (DB8050)