UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,

    Plaintiff,

-against-

366 REALTY LLC, et al.,

    Defendants.

No.: 17-cv-3570-SJ-SMG

**REPLY MEMORANDUM OF LAW
SUPPORTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND TO
<u>STRIKE THE ANSWER</u>**

POLSINELLI PC
Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, NY 10016
jnagi@polsinelli.com
(212) 644-2092

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT......................................................................................................................2
    POINT I    BORROWER HAS FAILED TO ALLEGE FACTS SUFFICIENT
                    TO OVERCOME PLAINTIFF'S *PRIMA FACIE* RIGHT TO
                    SUMMARY JUDGMENT ..................................................................2
    POINT II   PLAINTIFF HAS STANDING TO COMMENCE THIS ACTION ..............2
                  B.     Borrower's Equitable Estoppel Argument Fails................................6

CONCLUSION ...................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cadlerock Joint Venture v. Alvarez*,
   No. 98 CIV 3566(RWS), 1999 WL 619588 (S.D.N.Y. Aug. 16, 1999) ...................................4

*Colon v. Coughlin*,
   58 F.3d 865 (2d Cir. 1995) ...................................................................................................4

*Fortune Limousine Service, Inc. v. Nextel Comm'ns*,
   35 A.D.3d 350, 826 N.Y.S.2d 392 (2d Dep't 2006)..............................................................5

*Greystone Bank v. Skyline Woods Realty, LLC*,
   817 F. Supp. 2d 57 (N.D.N.Y. 2011).....................................................................................5

*HSBC Bank USA N.A. v. Roumiantseva*,
   130 A.D.3d 983, 15 N.Y.S.3d 117 (2d Dep't 2015)..........................................................3, 4

*One Westbank FSB v. Rodriguez*,
   161 A.D.3d 715, 78 N.Y.S.3d 63 (1st Dep't 2018) ...............................................................3

## PRELIMINARY STATEMENT

The opposition[1] to the Motion[2] sows the seeds of Defendants' demise. The thrust of the Defendants' argument is that the relationship between the parties is governed by the contracts entered into by the parties. Plaintiff agrees. Defendants argue that Lender failed to provide proper notice under the Loan Documents; however, the Loan Documents waive all notice of default and acceleration. Based on the terms of the contracts between the parties, Lender is not required to give: (a) notice of default, (b) demand for payment, (c) presentment, (d) notice of intention to accelerate, or (e) notice of acceleration to Defendants. In any event, New York law dictates that actual notice of a mortgagor's default supersedes hyper technical notice provisions in mortgage agreements.

While Defendants hang their standing defense on the conclusory claim that the allonge is not attached to the Note—this is mere guess work because Defendants did not seek discovery in this action—the Defendants wholly failed to rebut Lender's claim that it has standing based on physical possession of the Note. Lender attached the Note with an allonge to the Complaint evidencing an assignment to Lender. As such, the argument that Lender lacks standing is defeated by the fact that Lender attached the Note with an allonge to the Complaint, which trumps Defendants' sole defense to standing.

Borrower's other defenses are equally unavailing. For example, "improper acceleration" is not a defense here because the loan documents do not require any notice of acceleration. Further, Defendants' claim that certain "unsubstantiated charges" were imposed by Lender to increase the indebtedness owed by Defendants does not prevent the entry of summary judgment.

---

[1] The Defendants' Memorandum of Law in Opposition to Summary Judgment and to Strike the Answer is referred to herein as the "**Opp. Memo.**"

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to such terms in the Motion.

The amount of the indebtedness owed by Defendants to Lender is an issue to be addressed when calculating the judgment.

As such, summary judgment is appropriate here, and should be granted.

## ARGUMENT

### POINT I

### DEFENDANTS HAVE FAILED TO ALLEGE FACTS SUFFICIENT TO OVERCOME PLAINTIFF'S *PRIMA FACIE* RIGHT TO SUMMARY JUDGMENT

Defendants have failed to raise any facts showing a genuine issue for trial; rather, the Defendants rely exclusively on conclusory allegations. In light of the summary judgment standards, summary judgment in favor of Lender should be granted.

### POINT II

### PLAINTIFF HAS STANDING TO COMMENCE THIS ACTION

Without addressing, denying, or refuting any of the bevy of cases Plaintiff cites which firmly state that delivery of the Note prior to commencement of the action confers a foreclosing lender with standing, Defendants contend that Lender lacks standing because it did not "plead and prove a duly delivered and affixed allonge." (Opp. Memo at p. 2). First, this is incorrect. Paragraph 41 of Complaint states: "In connection with the assignment of the Loan, the original Loan Documents including the Note and other Loan Documents were delivered to Plaintiff, and, thus, Plaintiff is the current holder and owner of the Loan Documents." (Taylor Decl., Exhibit A (Complaint)) ("Loan Documents" is defined in Paragraph 39 of the Complaint as "The Loan Agreement, Note, Amended Mortgage, ALR, Guaranty, *and all other documents further evidencing, securing or executed in connection with the debt owed under the Note*") (emphasis

2

69442102

added). Second, the two cases Defendants cite to support their opposition to standing are facially and procedurally distinguishable to the present case.

For example, there are crucial factual and legal distinctions in *One Westbank FSB v. Rodriguez* and the present matter. *See* 161 A.D.3d 715, 78 N.Y.S.3d 63 (1st Dep't 2018). First, in *One Westbank*, the First Department found that the plaintiff failed to preserve for appeal the argument that its standing was established by physical possession of the note, unlike here, where plaintiff has affirmatively established that it possessed the Note prior to commencing the action, by attaching the Note with an allonge as an exhibit to the Complaint. *Id.* ("triable issue as to whether plaintiff was ***holder of the note*** and mortgage ***at the time it commenced foreclosure proceedings***, and hence whether it had standing to bring this action") (emphasis added). Second, there are crucial factual distinctions between this case and *One Westbank*. *One Westbank* concerned a note with (a) an indorsement in blank, (b) that was undated, and (c) did not reference the note. *Id.* ("The indorsement ... was written on a separate sheet of paper, was written in blank, was undated, and does not reference the note.") Here, the allonge is not in blank, but is made payable to "Wells Fargo Bank National Association as Trustee for the Holders of Comm 2014-UBS6 Mortgage Trust Commercial Mortgage Pass-Through Certificates", is dated "\_\_\_\_ day of December, 2014", and specifically references the Note ("ALLONGE to that certain Amended, Restated and Consolidated Promissory Note dated as of November 6, 2014 in the original principal amount of $2,200,000.00"). (Taylor Decl., Exhibit D of Complaint).

Likewise, the court in *HSBC Bank USA N.A. v. Roumiantseva* held that "[t]he plaintiff may demonstrate that it is the holder or assignee of the underlying note ***by showing either*** a written assignment of the underlying note ***or the physical delivery of the note***." 130 A.D.3d 983, 15 N.Y.S.3d 117 (2d Dep't 2015). Not only have Defendants failed to present evidence beyond

3

conclusory allegations with respect to whether the allonge was attached to the Note herein, but Defendants have wholly failed to raise facts contradicting Lender's assertion that it had physical possession of the Note at the time Lender commenced this action.

In addition, the defendant in *Roumiantseva*, unlike the Defendants here, availed themselves of discovery and identified that the assignee of the note "was never the holder of the Note and, therefore, was without authority to assign the note." *Id.* Thereafter, the trial court directed the plaintiff to produce the original note and the endorsement, which revealed that "[t]he endorsement was attached to the original note by only a paperclip." *Id.*

Here, Plaintiff has proven actual possession of the Note prior to commencement of a foreclosure action, giving Plaintiff standing to foreclose. (Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and to Strike the Answer at p. 4–6). Thus, through assertions in the Complaint and Declaration of Steven Taylor in Support of Plaintiff's Motion for Summary Judgment and Motion to Strike, Lender has established both grounds of standing to commence this action. (Taylor Decl., Exhibit A (Complaint); *see also* Taylor Decl. ¶ 19-21). Defendants failed to take discovery in this action, and as such, have no actual knowledge as to whether the allonge was affixed to the Note. Thus, Defendants' arguments are entirely conclusory and do not raise a fact issue.[3] Notably, Defendant has not argued that Lender did not possess the Note at the time Lender commenced this action.

---

[3] *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *Johnson v. Smart Carte, Inc.*, No. 04-CV-5573 (RRM) (SMG), 2008 WL 4276590, *2 (E.D.N,Y., Sept. 16, 2008.) ("[T]he nonmoving party must come forward with '*specific facts* showing that there is a *genuine issue for trial*,' and 'may not rely on conclusory allegations or **unsubstantiated speculation**.' In other words, the nonmovant must offer '**concrete evidence from which a reasonable juror could return a verdict in his favor**.'" (emphasis addedl) (citations omitted). *Cadlerock Joint Venture v. Alvarez*, No. 98 CIV 3566(RWS), 1999 WL 619588, *5 (S.D.N.Y. Aug. 16, 1999) (""[M]ere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient" to defeat summary judgment.")

4

69442102

As such, Lender has established it has standing to bring this action, and is entitled to summary judgment.

## POINT III

## DEFENDANTS WAIVED NOTICE UNDER THE LOAN DOCUMENTS GOVERNING THEIR RELATIONSHIP WITH LENDER

Defendants also argue that Lender is not entitled to foreclose on the mortgaged property because it failed to provide the notices of default and acceleration required under the Loan Documents. (Opp. Memo at p. 3-4). Defendants urge that the court should defer to the terms of the contracts that were entered into between the parties. Lender agrees with Defendants that the Loan Documents control the relationship between the parties. Pursuant to the Loan Documents, the Defendants waived the very notice that they now complain was deficient. (Taylor Decl., Exhibit D of the Complaint (Amended Note) at Article 6; *Id.* at Exhibit C of the Complaint (Loan Agreement) at Sections 8.1 and 10.11; *Id.* at Exhibit H of the Complaint (Amended Mortgage) at Section 9.3; *Id.* at Exhibit J of the Complaint (Guaranty) at Section 1.7). As urged by Defendants, the Court should enforce the contracted-for terms of the Loan Agreements, including the provisions expressly waiving Defendants' right to notice of default or acceleration.

Further, Defendants have not claimed—and cannot credibly claim—that they did not receive actual notice of their defaults under the Loan Documents. Lender sent notice to Guarantor, who signed the Loan Documents on behalf of Borrower; thus, both Defendants had actual notice of the defaults under the Loan Documents claimed by Lender. Strict compliance with notice provisions is not required under New York law when the defendants received actual notice and have not been prejudiced. *Fortune Limousine Service, Inc. v. Nextel Comm'ns*, 35 A.D.3d 350, 353, 826 N.Y.S.2d 392 (2d Dep't 2006). Even if the waivers of notice throughout

5

the Loan Documents were ineffective, Defendants cannot claim lack of compliance with notice provisions as a basis for avoiding summary judgment.

In any event, assuming Defendants had not waived their right to notice of acceleration of the Loan, Lender was not required to give notice of acceleration. Filing the summons and Complaint in this action was sufficient notice of intent to accelerate. *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 62 (N.D.N.Y. 2011) ("Acceleration provisions that provide that, 'upon default, the lender may declare the entire debt to be immediately due and payable' are permitted without service notice" and "the filing of a summons and complaint is sufficient notice of intent to accelerate.").

## POINT IV

### ALLEGED UNSUBSTANTIATED CHARGES ARE IRRELEVANT TO THIS MOTION

Defendants contend that Lender is not entitled to summary judgment and is estopped from seeking any collection in this action because Lender has imposed "unsubstantiated charges" on Borrower that increase the indebtedness of the Defendants. (Opp. Memo at p. 4). Even if the charges complained of are improper, which they are not, a dispute as to the validity of any fees charged does not create a fact issue that prevents entry of summary judgment. The validity of any fees charged by Lender will be determined at the time the judgment is calculated.

## CONCLUSION

For the foregoing reasons, Lender's motion should be granted in all respects.

69442102

Dated: July 12, 2019  
      New York, New York

POLSINELLI PC

By:    */s/ Jason A. Nagi*
     Jason A. Nagi
     600 Third Avenue, 42nd Floor
     New York, New York 10016
     jnagi@polsinelli.com
     (212) 644-2092

*Attorneys for Plaintiff*