UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,

                Plaintiff,

-against-

366 REALTY LLC; JOSHUA MIZRAHI; et al.,

                Defendants.

No.: 17-cv-3570-SJ-SMG

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT AND TO STRIKE THE ANSWER

WENIG SALTIEL LLP

Dan M. Blumenthal
26 Court St., Suite 1200
Brooklyn, NY 11242
(718) 797-5700
*Attorneys for Defendants 366 Realty LLC and Joshua Mizrahi*

TABLE OF CONTENTS
PRELIMINARY STATEMENT
STATEMENT OF FACTS
PROCEDURAL HISTORY
ARGUMENT

POINT I SUMMARY JUDGMENT STANDARD

POINT II

CONCLUSION

TABLE OF AUTHORITIES

Cases
Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355 (2015)

Statutes
N.Y.U.C.C. § ] -20] (20) (McKinney's 2015)
Other Authorities
Fed. R. Civ. P. Rule 8 ...................................
Fed. R. Civ. P. Rule 56 ..

PRELIMINARY STATEMENT

The Defendant/Borrower 366 Realty LLC and Co-defendant/Guarantor Joshua Mizrahi acknowledge the execution of an amended, restated and consolidated promissory note on or about November 6, 2014, which Note was secured by a mortgage and related documents. This commercial transaction is based on documents which are to be construed to have been drafted by plaintiff and contain numerous covenants, terms and conditions to be performed by the parties. Plaintiff now seeks to avoid their blatant noncompliance with those covenants, terms and conditions by asking this court to strike defendant's answer, opening the door to plaintiff to an award of exorbitant default interest and fees.

STATEMENT OF FACTS

This is a commercial mortgage foreclosure brought before the court under diversity jurisdiction. Plaintiff has alleged a number of defaults but has failed to demonstrate this debt the note the consolidated note under which they claim has been duly delivered to them nor have they provided any proof of notice compliant with the mortgage instrument sufficient to advise the borrower of a default. The court is respectfully referred to the declaration of Joshua Mizrahi annexed hereto for flexible expiration of the facts herein.

PROCEDURAL HISTORY

The complaint herein was filed on or about June 13, 2017 and was duly entirely answered on or about August 21, 2017 by both defendants who asserted numerous affirmative defenses, many relating to failure to properly inform Defendants.

ARGUMENT

POINT I SUMMARY JUDGMENT STANDARD

In determining a motion for summary judgment, a District Court may not grant summary judgment if there is a "genuine dispute as to any material fact" and the movant fails to demonstrate that it " is entitled to judgment as a matter of law."

*Hancock v. County of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018), *citing, Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013) (citation and internal quotation marks omitted). In applying this standard, the court "must resolve all ambiguities and draw all inferences against the moving party." *Id.* (internal quotation marks and citations omitted).

Plaintiff rather than opposing the numerous procedural defects and errors of law in the prosecution of this foreclosure on substance, apply bluster in labeling such facts conclusory.

The instant foreclosure rests upon the writing entered between the parties "which requires the application of contract principles under New York law." Matter of Trusts Established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30, 375 F.Supp.3d 441, 447 (S.D.N.Y., 2019). The resolution of the instant motion must ""give effect to the intent of the parties as revealed by the language of their agreement." *Id. Quoting, Compagnie Financiere de CIC et de L'Union Europeenne* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 232 F.3d 153, 157 (2d Cir. 2000). The defenses raised are neither vague nor conclusory, but rather explicit failures of plaintiff pursuant to the contract and New York statutes which preclude summary judgment herein.

A. Plaintiff lacks standing as they have failed to plead and prove a duly delivered and affixed allonge to the consolidated note

Under New York law, a plaintiff's standing to commence a foreclosure action may be placed in issue by an appearing defendant at any time in the foreclosure proceeding. Once the issue of standing is raised, it is incumbent upon the plaintiff to prove its standing in a fatal to the action if he is unable to do so.

Here plaintiff has presented an instrument, labeled an allonge, "written on a separate sheet of paper, was written in blank, was undated, and [ ] there is no indication in the record that the blank indorsement was ever attached to the note, much less "so firmly affixed thereto as to become a part thereof," as required under N.Y. UCC § 3–202(2)." *One Westbank FSB v Rodriguez,* 161 A.D.3d 715, 78 N.Y.S.3d 63 (1st Dept., 2018)
As such, there is a triable issue as to whether the purported indorsement constituted a valid transfer of the underlying note to plaintiff." *Id., see also HSBC Bank USA N.A. v. Roumiantseva,* 130 A.D.3d 983, 15 N.Y.S.3d 117 (2d Dept. 2015).

B.  Plaintiff has failed to provide essential documents to defendant necessary to the avoidance of any default hereunder .

Defendants assert *in pari delicto* in that the Plaintiff failed and refused to provide certain information to the Defendant the absence of which prevented Defendant from complying with generating profit and loss statements and other paperwork required to be submitted pursuant to the Loan Agreement. As the failure to comply with the loan instrument is directly attributable to Plaintiff's failure to provide the necessary information and documentation to Defendant, it is apparent that plaintiff has engineered the defaults, to the extent that any exist and that the borrower should not be held liable thereunder.

C.  Plaintiff has failed to provide proper notice of default to the Mortgagor

The Loan Agreement herein requires notice to the Mortgagor to be sent in a particular manner and to a particular address. Article 10.6 of the Mortgage specifically provides that notices to the Mortgagor 366 Realty LLC shall be sent to 366 Knickerbocker Avenue, Brooklyn, NY with a copy to Wenig Saltiel LLP at 26 Court Street, Suite 1200, Brooklyn, NY.  The Plaintiff asserts that it served upon Defendant 366 a First Notice of Default dated February 19, 2016. However, said Notice was not sent in accord with Article 10.6 as it was not sent to 366 Knickerbocker Avenue, Brooklyn NY, nor was a copy sent to Wenig Saltiel LLP. As the First Notice of Default was not properly sent to Defendant, it cannot be utilized as a basis for this Action. The Plaintiff asserts that it then served upon Defendant 366 a Second Notice of Default dated April 20, 2016.  That second Notice was not sent in accord with Article 10.6 as it was not sent to 366 Knickerbocker Avenue, Brooklyn NY, nor was a copy sent to Wenig Saltiel LLP. The Plaintiff further further also asserts that it served upon Defendant 366 a Third Notice of Default dated July 21, 2016. That Notice was also not sent in accord with Article 10.6 as it was not sent to 366 Knickerbocker Avenue, Brooklyn NY, nor was a copy sent to Wenig Saltiel LLP. As this is not baseball, the Plaintiff asserts that it served upon Defendant 366 a Fourth Notice of Default dated August 11, 2016. That Notice was not sent in accord with Article 10.6 as is was not sent to 366 Knickerbocker Avenue, Brooklyn NY, nor was a copy sent to Wenig Saltiel LLP.
By the Fifth Notice, one would expect them to have the service list down.. Not so here, as that Notice was not sent to 366 Knickerbocker Avenue, Brooklyn NY.
Based on the failure to ever properly notice the Defendants, not only must summary judgment be denied, but the Complaint must be dismissed.

**THERE HAS BEEN NO ACCELERATION OF THE LOAN HEREIN**

As a proper predicate notice is a prerequisite to acceleration under the Loan Agreement, there was no legal basis upon which Plaintiff was entitled to accelerate payment of the indebtedness.
Absent acceleration of the indebtedness there is no legal basis upon which Plaintiff is entitled to foreclose upon the secured interest or assess default fees herein.

Plaintiff has misapplied payments, charged Defendant for work it has not performed, and imposes unsubstantiated charges to increase indebtedness such as "special servicing fees", "special administrative fee", unspecified advances, and "liquidation fees" ("Fees"). As these Fees are all improper Plaintiff is estopped from seeking their collection in this action nor can the failure to pay these Fees be a basis for default.

THE FOREGOING ISSUES OF FACT PRECLUDE SUMMARY DETERMINATION HEREIN.

 Having failed to properly notice any default, failed to properly accelerate the note and mortgage and failed to provide necessary documentation for the defendant to meet his obligations under the mortgage, plaintiff is not privileged to foreclose herein and certainly not privileged to do so on a summary basis.

## I CONCLUSION

For the foregoing reasons is exquisite is respectfully submitted that summary judgment must be denied herein and such other and further relief as this court deems proper.

Respectfully submitted


Dan M Blumenthal