Clerk's Office
Filed Date:

03/16/2021

U.S. DISTRICT
COURT
EASTERN
DISTRICT OF
NEW YORK
BROOKLYN
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
WELLS FARGO BANK NATIONAL
ASSOCIATION,

                Plaintiff,

  v.

366 REALTY LLC et al.

                Defendant,
-------------------------------------------------X

17 CV 3570 (SJ) (RER)

MEMORANDUM AND ORDER

A P P E A R A N C E S

THOMPSON & KNIGHT, LLP
900 3rd Ave.
Ste 20th Floor
New York, NY 10022
By: Keith Michael Brandofino, David Vincent Mignardi
*Attorney for Plaintiff*

WENIG SALTIEL & GREENE LLP
26 Court Street - Suite 1200
Brooklyn, NY 11242
By: Jeffrey L. Saltiel
*Attorney for Defendants*

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP
270 Madison Avenue
9th floor
New York, NY 10016
By: Lynn E. Judell
*Attorney for Defendants*

1

JOHNSON, Senior District Judge:

Presently before the Court is a mortgage foreclosure action. (Dkt. Nos. 1 & 42.) Wells Fargo Bank National Association ("Plaintiff") moves to appoint a receiver and for summary judgment against 366 Realty LLC ("Defendant"). (Dkt. Nos. 33 & 41.) For the reasons stated herein, Plaintiff's motion for summary judgment is GRANTED, and its motion to appoint a receiver is DENIED.

## BACKGROUND

Defendant borrowed a total amount of $2,200,000 ("Loan") from Cantor Commercial Real Estate Lending, L.P. ("Original Lender") on November 6, 2014.[1] (Dkt. No. 1, Ex. C.) The Loan is secured by a mortgage, which is the property located at 366 Knickerbocker Avenue, Brooklyn, NY 11237 ("Property").[2] (Dkt. No. 1, Ex. H.) Defendant has leased the units in the Property to tenants for both residential and commercial purposes. (Dkt. No. 1, ¶¶ 4, 7–15.) In December 2014, Original Lender assigned the Loan and all the related documents and instruments ("Loan Documents") to Plaintiff. (Dkt. No. 1, Ex. D.)

Plaintiff alleges default by Defendant during the period from January 2015 to March 2017. (Dkt. No. 1, Exs. L, M, N, O, P & Q.) Specifically, Defendant failed to

---

[1] On July 13, 2006, Defendant borrowed $1,750,000 ("Original Mortgage") from North Fork Bank. (Dkt. No. 1, Ex. E.) On December 12, 2011, the successor of North Fork Bank assigned the Original Mortgage to FTBK Investor III LLC, which then assigned it to Original Lender on October 20, 2014. (Dkt. No. 1, Exs. F & G.) On November 6, 2014, Original Lender lent Defendant another $822,669.42 ("Gap Mortgage"). (Dkt. No. 1, Ex. A.) The Loan of $2,200,000 is the sum of the Original Mortgage that remained to be paid, which was $1,377,330.58 on November 6, 2014, and the Gap Mortgage. (Dkt. No. 1, Ex. H.)

[2] Both the Original Mortgage and the Gap Mortgage were respectively secured by the Property. (Dkt. No. 1, Exs. B & E.) On November 6, 2014, Defendant and Original Lender combined and consolidated the liens of the two mortgages to create one sole lien on the Property. (Dkt. No. 1, Ex. H.)

2

deposit all rents to the clearing account, to remit all excess cash, to deliver outstanding financial statements to Plaintiff, and to obtain Plaintiff's review and consent before executing a lease as required by the promissory note ("Note") and the Loan Documents.[3] (Dkt. No. 1, Ex. L.) In addition, in December 2016, February 2017, and March 2017, Defendant allegedly failed to make full monthly debt service payment. (Dkt. No. 1, Exs. P & Q.) The payment due for the period from December 2016 to March 2017 alone amounts to $59,958.08. (Dkt. No. 32.) Due to these defaults, Plaintiff accelerated the Loan on April 3, 2017. (Dkt. No. 1, Ex. Q.)

Plaintiff filed the foreclosure action in June 2017. (Dkt. No. 1.) It moved to appoint a receiver in March 2018. (Dkt. No. 33.) Since then, Plaintiff has learned that Defendant accrued a tax liability totaling $993.82. (Dkt. No. 32.) Defendant has also been subject to a judgment lien of $71,703.39. (Dkt. No. 32, Ex. F.) Plaintiff moved for summary judgment in July 2019. (Dkt. No. 42.)

---

[3] In a notice via email dated November 17, 2015, Plaintiff notified Defendant of its failure to obtain Plaintiff's review and consent before executing a commercial lease on August 10, 2015. A similar notice was resent via email on January 8, 2016. On February 19, 2016, Plaintiff notified Defendant of other defaults in addition to the above-mentioned lease via overnight and email. These defaults include failure to provide quarterly statements for the periods ending March 31, 2015, June 30, 2015, and September 30, 2015, failure to provide an annual budget for 2016, and failure to submit a complete income and expense report for the year of 2015 for Plaintiff to determine the actual excess cash for the period. A complete operating statement for the month of January 2016 is required for the same reason. Plaintiff also alleges that Defendant failed to deposit all rents into the clearing account, without specifying the amount and the period, and to remit the excess cash, which is estimated to be $20,902.53 through December 2015. On April 20, 2016, Plaintiff notified Defendant via overnight and email of the same defaults as in the notice of February 19, 2016, adding a complete income and expense report for the months of January–March 2016. (Dkt. No. 1, Ex. M.) On July 21, 2016, Plaintiff notified Defendant via overnight and email its failure to provide 2015 annual financial statement and quarterly statements for the periods ending March 31, 2016 and June 30, 2016. (Dkt. No. 1, Ex. N.) On August 11, 2016, Plaintiff reminded Defendant of all the notices previously sent and the defaults stated. (Dkt. No. 1, Ex. O.)

Defendant contests on the ground that i) Plaintiff has no standing before the Court, ii) there was no default, and iii) Defendant did not receive notice from Plaintiff. (Dkt. Nos. 29 & 51.)

## DISCUSSION

*I.  Standing*

The Court will first determine whether Plaintiff has standing to bring this foreclosure action. Under New York law, a plaintiff in a foreclosure action must establish standing by demonstrating that she was the holder or assignee of the underlying promissory note when the action was commenced. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (citing *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543 (2015)); *see also Courchevel 1850 LLC v. Alam*, 464 F. Supp. 3d 475, 480 (E.D.N.Y. 2020) (citing *Deutsche Bank Nat'l Tr. Co. v. Benson*, 116 N.Y.S.3d 685, 686–87 (2020)).

Plaintiff has two ways to establish its status as a holder. One is by providing an affidavit regarding the plaintiff's physical possession of the promissory note. *See Melina*, 827 F.3d at 223 ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note."); *see also CIT Bank, N.A. v. Howard*, No. 14-CV-7470, 2018 WL 3014815, at *7 (E.D.N.Y. June 15, 2018) (holding that the standing can be established even if "various indorsements and allonges . . . were less clear (or absent entirely)" because of the "unrebutted affidavit testimony"). The other way is by submitting to the Court the indorsed note. *See 1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 464 (2d Cir. 2020) ("Madison Street demonstrated that it was the holder of the note by

4

attaching to its [c]omplaint the note and an allonge endorsing it as payee.") (citing *U.S. Bank Nat'l Ass'n v. Saravanan*, 45 N.Y.S.3d 547, 548–49 (2017)); *see also Alam*, 464 F. Supp. 3d at 480–81 ("A holder under the New York UCC is simply the person in possession of a [note] that is payable . . . by indorsement . . .") (citing NYUCC § 1-201(b)(21)) (internal quotation marks omitted).

 Alternatively, Plaintiff can establish its status as an assignee by a written assignment of the promissory note, which does not require special form or language to be effective, as long as the language shows the intention of the owner to transfer it. *See Melina*, 827 F.3d at 223 (quotations omitted).

 Here, Plaintiff is both the holder and the assignee of the Note, and thereby has standing to foreclose. Plaintiff has submitted a declaration by an asset manager of its loan servicer as well as authorized agent ("Taylor's Declaration"), which states that "[p]rior to the commencement of this action, Plaintiff has been in exclusive possession of the original Note, endorsed to Plaintiff, and has not transferred the same to any other person or entity." (Dkt. No. 43.) Taylor's Declaration has the same effect as an affidavit. *See Aurora Loan Servs. LLC v. Sadek*, 809 F. Supp. 2d 235, 240 (S.D.N.Y. 2011) (finding standing based on "declarations affirming that [Aurora] is the holder of the Aurora Note and Aurora Mortgage, and has been since before the commencement of this litigation"); *see also* 28 U.S.C. § 1746 ("Wherever, under any law of the United States . . ., any matter is required or permitted to be supported, evidenced, established, or proved by . . . affidavit, in writing of the person . . ., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . in writing of such person . . ., as true under penalty of perjury . . .") And Defendant has failed to rebut the testimony regarding

Plaintiff's physical possession of the Note.[4]  Plaintiff has therefore established its holder status before the Court.

In addition, a written assignment exists between the Original Lender and Plaintiff. (Dkt. No. 1, Ex. D.)  It provides that on December 9, 2014, Original Lender "endorses, assigns, sells, transfers, and delivers" to Plaintiff "all right, title, and interest" of the Original Lender in and to the Loan.[5]  (*Id.*) *Cf. CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 196 (S.D.N.Y. 2018) (holding that the expression that one "sells, transfers, conveys, assigns and delivers to [Plaintiff] . . . all of [one's] rights, title and interests in, to and under the [mortgage loan]" is sufficient to constitute a written assignment).  As a result, Plaintiff has established standing to foreclose both as the holder and as the assignee of the Note.

Defendant argues that Plaintiff lacks standing because the allonge annexed to the note is "defective on its face." More specifically, the allonge does not include a date on which it was executed. (Dkt. No. 38.)  The allonge, however, is only one way for Plaintiff to establish its standing.  Even if the Court assumes *arguendo* that the allonge is legally ineffective, it does not have any impact on the validity of the declaration and the written assignment that permit Plaintiff to establish standing.

---

[4] In fact, Defendant explicitly concedes that Plaintiff's exclusive possession of the note prior to the commencement of the action is "not disputed." (Dkt. No. 38.)

[5] Defendant also explicitly concedes that the "Assignment of Mortgage Dated December 9, 2014" is "not disputed." (Dkt. No. 38.)

## II. *Motion for Summary Judgment*

Summary judgment requires the movant show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Daniels*, 954 F.3d at 463 (quoting Fed. R. Civ. P. 56(a)). In a foreclosure action under New York law, a plaintiff can establish its *prima facie* entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default. *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017) (citing *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (2016)). Once a *prima facie* case is established, the non-moving party bears the burden of "demonstrat[ing] the existence of a triable issue of fact as to a *bona fide* defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff." *See Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019) (citing *Capstone Bus. Credit, LLC v. Imperia Family Realty, LLC*, 895 N.Y.S.2d 199 (2010)) (internal quotation marks omitted).

Plaintiff has established a *prima facie* case for summary judgment by submitting to the Court the documentary evidence of the mortgage, the Note, and the notices of default as exhibits attached to the complaint and in support of its motion for summary judgment, as well as Taylor's Declaration corroborating all Plaintiff's claims. (Dkt. No. 1, Exs. D, H, L–Q; Dkt. No. 43) *Cf. Howard*, No. 14-CV-7470, 2018 WL 3014815, at *6 (establishing *prima facie* case for summary judgment by producing the note, mortgage, and proof of default in the form of "unrebutted affidavit testimony" and notice of default); *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (establishing *prima facie* case for summary judgment on the basis of the written assignment as proof of mortgage, affidavit as proof of default, and notices of default).

Defendant raises multiple defenses, all of which are meritless. First, Defendant denies the default. (Dkt. Nos. 46 & 53.) However, Defendant does not provide any evidence of payment other than its own declaration, which is inadequate to rebut Taylor's Declaration by Plaintiff. *See Hoyer*, 362 F. Supp. 3d at 80 (granting summary judgment in spite of Defendant's claim that she did not default, because she failed to produce any evidence). Even if the Court takes into consideration prior filings by Defendant as the latter requested, the conclusion does not change. When arguing against the motion to appoint a receiver, Defendant submitted a few redacted copies of bank account statements. (Dkt. No. 29.) Added together, the total amount of payment does not reach half of the default amount alleged by Plaintiff. (Dkt. No. 32, Decl. at ¶¶ 19–20.) Because "disputes regarding the exact amount owed by the mortgagor to the mortgagee do not preclude summary judgment directing a foreclosure sale of the mortgaged property," Defendant does not overcome Plaintiff's *prima facie* entitlement to foreclosure. *See Nwanganga*, 328 F. Supp. 3d at 200 (S.D.N.Y. 2018) (citing a collection of New York state appellate court decisions) (internal quotation marks omitted).

Second, Defendant argues that the amount due should not be considered default because Defendant did not receive any notice. Specifically, Defendant claims that the notices were not sent to the address prescribed by the Note. (Dkt. Nos. 45 & 51.) However, Defendant has explicitly waived "presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind." (Dkt. No. 1, Ex. D.) Because

a commercial mortgage[6] is not entitled to statutory notice of default, Defendant's claim based on its right to notice is without merit. *See, e.g.*, *Emigrant Funding Corp. v. Agard*, 995 N.Y.S.2d 154, 156 (2014) (rejecting the defense based on lack of notice because "the mortgages and notes did not obligate the plaintiff to provide the defendant with any notice of default"); *77 Charters, Inc. v. SYC Realty LLC*, No. 10-CV-1681, 2012 WL 1077706, at *6 (E.D.N.Y. Feb. 27, 2012) (expressly waiving the right to notices of default by "waiv[ing] demand, notice of demand, present for payment, notice of dishonor, protest and notice of protest").

Defendant's last affirmative defense is that Plaintiff failed to provide some "essential documents" that were necessary for Defendant to perform its obligation. (Dkt. Nos. 45 & 51.) Yet Defendant has not identified with specificity any such document, and thereby failed to overcome Plaintiff's *prima facie* case for summary judgment. *See Toiny LLC v. Donato*, No. 17-CV-1274, 2018 WL 5817538, at *4 (S.D.N.Y. 2018) (rejecting the mortgagor's affirmative defense "in the absence of any evidence") (citing *First Nat. Bank of Highland v. J & J Milano, Inc.*, 553 N.Y.S.2d 448, 449 (1990), which holds that the

---

[6] The Property is a multi-unit apartment building. Defendant leased the units to family households and business owners, and collected rents to pay the mortgage. It is therefore not a home loan subject to statutory protection. *See, e.g.*, *Citibank, N.A. v. Crick*, 110 N.Y.S.3d 720, 722 (2019) (categorizing the mortgage loan as commercial instead of a "home loan" subject to statutory notice requirement because the mortgagor did not occupy the mortgaged premises as her principal dwelling); *HSBC Bank USA, Nat. Ass'n. v. Ozcan*, 64 N.Y.S.3d 38, 42 (2017) (considering "a multi-unit apartment building with several tenants" a commercial property because "the defendant did not reside at the property at the time he signed the mortgage or at the time the action was commenced, and the deed transferring the property to the defendant was a commercial property deed").

mortgagee made a *prima facie* showing of its entitlement to foreclosure because the mortgagor "failed to produce any credible evidence" regarding its affirmative defense).

    III.    *Motion to Appoint a Receiver*

Federal law applies when ruling on a motion to appoint a receiver in a diversity case. *See generally* 12 Fed. Prac. & Proc. Civ. §§ 2983, 4513. In the Second Circuit, "the appointment of a receiver is considered to be an extraordinary remedy, and ... should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Rosen v. Siegel*, 106 F.3d 28, 33–34 (2d Cir. 1997) (citing *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir.1988)) (internal quotation marks omitted). In determining whether such circumstance exists, a district court should weigh a variety factors including:

> [F]raudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

*Varsames v. Palazzolo*, 96 F.Supp.2d 361, 365 (S.D.N.Y.2000) (quoting 12 Fed. Prac. & Proc. Civ. § 2983).

Plaintiff in this case has failed to establish that such a drastic relief is necessary. Because the Court is granting the motion for summary judgment, Plaintiff is entitled to possession of the property once it forecloses on the mortgage. *Cf. Courchevel 1850 LLC v. Alam*, No. 17-CV-785, 2019 WL 9656366, at *13 (E.D.N.Y. Oct. 30, 2019) (denying

motion to appoint a receiver because foreclosure of the mortgage would entitle the mortgagee to possess the property). While Plaintiff generally claims that its collateral is "in imminent danger of being lost, materially injured or diminished in value, or squandered," it does not offer any specific evidence. (Dkt. No. 33, Mem.) Nor does Plaintiff allege any fraud or provide sufficient information on Defendant's income. *Cf. Texas 1845 LLC v. Wu Air Corp.*, No. 11-CV-1825, 2012 WL 382828, at *8 (E.D.N.Y. Feb. 6, 2012) (denying motion to appoint a receiver because the Court is "without . . . information it considers relevant to its analysis," including whether the mortgagor is still "generating revenue" by operating its business or otherwise). Therefore, having taken into account the amount of default, the accelerated Loan, and the judgment lien on the Property, this Court is not going to appoint a receiver without more information.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. Plaintiff's motion to appoint a receiver is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2021

signed Sterling Johnson, Jr., U.S.D.J.
Sterling Johnson, Jr., U.S.D.J.