# Holland & Knight

900 Third Avenue 20th Floor | New York, NY 10022 | T 212.751.3001 | F 212.751.3113
Holland & Knight LLP | www.hklaw.com

Keith M. Brandofino
212.751.3166
keith.brandofino@hklaw.com

April 11, 2022

**VIA ECF:**
Honorable Sterling Johnson, Jr., U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Wells Fargo Bank National Association, etc. v. 366 Realty LLC, et al*;
             Case No. 1:17-cv-03570-SJ-RER

Dear Judge Johnson:

    Counsel for plaintiff Wells Fargo Bank National Association, as Trustee for the Holders of COMM 2014-UBS6 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Plaintiff") and defendants 366 Realty LLC and Joshua Mizrahi (collectively, "Borrower Defendants", and, together with Plaintiff, the "Parties") submit this joint status report pursuant to Your Honor's Status Report Order dated April 4, 2022.

*Plaintiff's Position*:

    On July 15, 2019, Plaintiff filed a motion seeking an Order, pursuant to Fed. R. Civ. P. 56, inter alia, granting Plaintiff summary judgment on its claims and referring the calculation of the amount of the judgment of foreclosure and sale to a Magistrate Judge (the "Summary Judgment Motion"). This Court, inter alia, granted Plaintiff's Summary Judgment Motion pursuant to its Memorandum and Order, dated March 16, 2021, and Judgment dated March 19, 2021. See ECF Nos. 58, 59.

    By this Court's Status Report Order dated March 19, 2021, the Court directed the parties to notify the Court whether or not they consent to referral of the calculation of damages, fees and costs to the assigned Magistrate Judge, the Honorable Ramon E. Reyes, Jr., U.S.M.J. While the Parties have indicated their consent to such referral (see ECF No. 61), defendants Criminal Court of the City of New York, New York City Environmental Control Board, Victor Guaman, Maria Gladys Uvidia Deramo, Angel M. Ramos, Dimas Ramos, Nancy Molina, Luis Murillo, Susana Lopez, Enedina Gonzalez Zamac, and Angel Avel (collectively, the "Defaulted Defendants") have failed to answer or otherwise appear herein and, therefore, the Parties are precluded from obtaining *all defendants'* consent to such referral. In light of the foregoing, Plaintiff respectfully requests that this Court refer the damages computation as to the subject loan to Judge Reyes notwithstanding the fact that the Defaulted Defendants have not consented to such referral.

Should this Court refer the damages computation to Judge Reyes, Plaintiff intends to provide certain documentation requested by Borrower Defendants to Borrower Defendants' counsel that supports Plaintiff's claim as to the amount due and thereafter submit testimonial and documentary evidence as to the amount Plaintiff claims it is due and owing on the subject loan to Judge Reyes. In response, Borrower Defendants may submit any objections to Plaintiff's proposed computation and, in turn, Plaintiff will be permitted to respond to such objections. Upon Judge Reyes' issuance of a report and recommendation as to the amount due and owing, the Parties will be free to submit any objections thereto for Your Honor's ultimate adjudication. Upon Your Honor's adjudication of any such objections, Plaintiff intends to make a motion for final judgment to authorize the public auction of the subject mortgaged premises.

*Borrower Defendants' Position*:

The Borrower-Defendants respectfully request a document exchange prior to referral to Magistrate Judge Reyes (to whom we do not otherwise object) so as to most efficiently use the Court's time. Pursuant to the 2019 addition to New York Real Property Actions and Proceedings Law ("RPAPL") of section 1302-a (L.2019, c. 739, § 1, eff. Dec. 23, 2019.), this should include the plaintiff herein demonstrating its right to enforce the Note herein by production of the 'wet-ink' original note and any claimed allonges herein for inspection. Additionally, it is believed that the plaintiff is in possession of documents negating some, or all, of the alleged defaults herein. Presuming the plaintiff can establish standing and the parties reconcile their contradictory payment histories, the Magistrate Judge may more efficiently compute the sums due and determine the advisability of partial or multiple sales (parcels) as required under RPAPL §1321. While a 'live' hearing is not a requirement of New York law, "this is contingent on defendants being properly "afforded [ ] the opportunity to present evidence in opposition to the motion to confirm." *Bank of New York Mellon v. Ramsamooj*, 194 A.D.3d 997 (2d Dept. 2021). By providing the suggested documents (and attempting to reconcile them among ourselves), it is our hope that this matter can then proceed on submission to the Magistrate Judge.

We respectfully thank the Court for its consideration of this matter.

Respectfully Submitted,

| | |
|---|---|
| **HOLLAND & KNIGHT LLP** | **WENIG SALTIEL LLP** |
| By: */s/ Keith M. Brandofino*<br>   Keith M. Brandofino, Esq.<br>   David V. Mignardi, Esq. | By: */s/ Dan M. Blumenthal*<br>   Dan M. Blumenthal, Esq.<br>   Jeffrey L. Saltiel, Esq. |