UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
WELLS FARGO BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE HOLDERS OF COMM
2014-UBS6 MORTGAGE TRUST COMMERCIAL
MOTRGAGE PASS-THROUGH CERTIFICATES, BY
AND THROUGH ITS SPECIAL SERVICER, LNR
PARTNERS LLC,

                          Plaintiff,

   -against-

                                      **MEMORANDUM AND ORDER**
                                      17-CV-3570 (KAM)(JAM)

366 REALTY LLC; JOSHUA MIZRAHI;
CRIMINAL COURT OF THE CITY OF NEW YORK;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY DEPARTMENT OF
FINANCE; and KASSIN SABBAGH REALTY LLC,

                          Defendants.
--------------------------------------X

**MATSUMOTO, United States District Judge:**

      On June 13, 2017, Wells Fargo Bank National Association, as

Trustee for the Holders of COMM 2014-UBS6 Mortgage Trust

Commercial Pass-Through Certificates, by and through its special

service, LNR Partners LLC ("Wells Fargo" or "Plaintiff")

commenced this foreclosure action against 366 Realty LLC

("Borrower"), Joshua Mizrahi, the Criminal Court of the City of

New York, the New York City Environmental Control Board, and

John Doe Nos. I-X, as well as several other defendants who were

thought to possess or claim an interest in or lien upon the real

property located at 366 Knickerbocker Avenue, Brooklyn, New York

1

11237 (the "Subject Property").  *See generally* (ECF No. 1, "Compl.")

On March 16, 2021, Judge Sterling Johnson, Jr. granted Plaintiff's motion for summary judgment after finding that Plaintiff made a *prima facie* showing of its entitlement to foreclosure.  (ECF No. 58, "M&O" at 7-10.)  Judge Johnson denied Plaintiff's motion to appoint a receiver in the same order. (M&O at 10-11.)  Subsequently, on April 19, 2023, Plaintiff filed an Amended Complaint to remove the defendants that were no longer believed to possess or claim an interest in or lien upon the Subject Property, and to add Defendants Kassin Sabbagh Realty LLC and the New York City Department of Finance in light of Plaintiff's discovery that the two additional entities had obtained liens to the Subject Premises subsequent to the commencement of the action.  *See generally* (ECF No. 70, "AC".) Plaintiff also requested that Defendants John Doe Nos. I-X be removed from the caption.  (ECF No. 97.)[1]  Finally, the Clerk of Court entered default with respect to Defendants Joshua Mizrahi, the New York City Environmental Control Board, the New York City Department of Finance, the Criminal Court of the City of New York, and Kassin Sabbagh Realty LLC.  (ECF No. 93.)

---

[1] The Court hereby amends the caption to remove John Doe Nos. I-X as named defendants.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

On July 21, 2023, Plaintiff filed a Motion to Fix Indebtedness pursuant to Fed. R. Civ. P. 7(b) and Local Civil Rule 7.1. (ECF No. 87, "Ptf. Mot.") By order dated September 11, 2023, this Court referred Plaintiff's motion to fix indebtedness to Magistrate Judge Ramon E. Reyes for a report and recommendation pursuant to 28 U.S.C. § 636(b). On November 16, 2023, this case was reassigned to Magistrate Judge Joseph A. Marutollo.

Presently before the Court is the Report and Recommendation issued on January 15, 2024 by Magistrate Judge Marutollo, recommending that this Court grant Plaintiff's Motion to Fix Indebtedness in part, and deny the motion in part without prejudice. (ECF No. 95, "R&R".) Specifically, Magistrate Judge Marutollo recommended that Plaintiff be awarded the unpaid principal amount under the Loan Documents[2] in the amount of $2,071,999.91, the total contract interest accrued at the Interest Rate in the amount of $528,315.54, the total default interest accrued at the Default Rate in the amount of $741,227.18, late fees in the amount of $109,595.84, and fees relating to missing financial statements in the total amount of $35,000, less a credit in the amount of $715.45. (R&R at 9-13, 17-18, 20.) With respect to advances and applicable interest on

---

[2] All capitalized terms not explicitly defined herein correspond to the definitions set forth in Magistrate Judge Marutollo's R&R.

advances, Magistrate Judge Marutollo recommended that Plaintiff be awarded $117,756.86 for real estate and insurance advances. (R&R at 16.)  Magistrate Judge Marutollo recommended that the Court decline to award advances related to appraisal expenses, inspection fees, and other miscellaneous items, and that the Court decline to award interest on advances because Plaintiff failed to provide supporting documentation.  (R&R at 16.) Magistrate Judge Marutollo further recommended that the Court decline to award special servicer and liquidation fees also because Plaintiff failed to provide supporting documentation. (R&R at 17.)  Finally, Magistrate Judge Marutollo recommended that the Court deny Plaintiff's request for attorney's fees, pending Plaintiff's provision of supporting documentation.

In total, Magistrate Judge Marutollo recommended that Plaintiff be awarded $3,603,179.68 plus interest accruing at a daily rate of $622.58 from July 31, 2023 through the entry of Judgement of Foreclosure.  (R&R at 20.)

Objections to the R&R were timely and jointly filed by Borrower and Defendant Mizrahi (ECF No. 99, "Def. Obj."), Plaintiff Responded to Defendants' Objections (ECF No. 100, "Ptf. Resp."), and filed Plaintiff's Motion for Order of Sale. (ECF No. 97.)  No other party has filed any objection to Magistrate Judge Marutollo's R&R.  For the reasons stated below, upon *de novo* review, the Court respectfully overrules

Defendants' Objections, and adopts and affirms Magistrate Judge Marutollo's meticulous and well-reasoned R&R in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the extensive facts thoroughly recounted in the R&R.  *See* (R&R at 1-4.)  The Court has reviewed the facts *de novo* and adopts the detailed facts from the R&R.

## LEGAL STANDARD

In considering the recommendations of a Magistrate Judge, as outlined in an R&R, the Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  When a party makes a timely objection to an R&R, the Court must review *de novo* those recommendations in the R&R to which the party objects.  *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, even on *de novo* review, "a district [court] judge will [] 'ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  *Kennedy v. Adamo*, No. 02-cv-1776 (ENV), 2006 WL 3704784, at *1 (E.D.N.Y. Sep. 1, 2006), *aff'd* 323 F. App'x 34 (2d Cir. 2009) (quoting *Haynes v.*

*Quality Markets*, No. 02-cv-250 (KES), 2003 WL 23610575, at *3 (E.D.N.Y. Sep. 22, 2003).

As to the portions of the R&R to which no party objects, the Court "need only satisfy itself that there is no clear error on the face of the record." *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (internal quotation marks and citations omitted). If "'the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [] original arguments, the Court reviews the report and recommendation only for clear error.'" *Velez v. DNF Assocs., LLC*, No. 19-CV-11138 (GHW), 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (internal citations omitted). Furthermore, "where the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, [district] courts should review [the R&R] for clear error" only. *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsular Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).

## DISCUSSION

As an initial matter, the parties agree that Plaintiff is entitled to an award for the unpaid principal amount of $2,071,999.91, contract interest accrued at the Interest Rate in

the amount of $528,315.54, late fees in the amount of $109,595.84, and real estate and insurance advances in the amount of $117,756.86. *See* (Def. Obj. at 13; Ptf. Resp. at 5.) The parties further agree that a credit in the amount of $715.45 is applicable to the total amount owed. (*Id*.) Accordingly, it is undisputed that Plaintiff is owed damages totaling at least $2,826,952.70.

As set forth previously, "[t]he court may adopt those portions of the [R&R] to which no objection is made 'as long as no clear error is apparent from the face of the record.'" *Argenti v. Saul*, No. 18-cv-9345 (AT), 2020 WL 1503171 (S.D.N.Y. Mar. 30, 2020) (internal citation omitted). The Court has reviewed the portions of the R&R to which no party objects, namely the calculation of the unpaid principal amount, contract interest amount, late fees, and real estate and insurance advances, less a credit in the amount of $715.45, for a total amount of $2,826,952.50, and the Court is satisfied that there is no clear error.

Defendants' Objections focus on three aspects of Magistrate Judge Marutollo's R&R. First, Defendants object to the portion of the R&R recommendation to award fees associated with Borrower's failure to adhere to the applicable financial reporting requirements in the amount of $35,000. Instead, Defendants contend that Plaintiff is entitled to a maximum of

7

$5,000 in connection with Borrower's failure to adhere to the applicable financial reporting requirements.  Second, Defendants object to the portion of the R&R finding that Plaintiff is entitled to default interest accrued at the Default Rate in the amount of $741,227.18.  Instead, Defendants ask this Court to decline to enforce the applicable default interest rate as unjust and unconscionable.  Finally, Defendants object to Magistrate Judge Marutollo's determination that the affidavit and supporting exhibits submitted by Plaintiff in support of Plaintiff's Motion to Fix Indebtedness are admissible under Fed. R. Evid. 803(6) and constitute adequate proof of Plaintiff's entitlement to damages.  Instead, Defendants argue that the Court should find that the Federal Rules of Evidence are inapplicable, and that Plaintiff's records are inadmissible under New York state law.

The Court finds that Defendants' Objections are of a conclusory nature, and either largely restate Defendants' previously articulated arguments or raise arguments that could have been raised, but were not raised, before Magistrate Judge Marutollo.  Objections of this nature trigger the Court's review of the R&R for clear error.  *See Brown v. Smith*, No. 09-cv-4522 (WFK), 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (finding that "even in a *de novo* review of a party's specific objections, the court will not consider arguments . . . which could have

been, but were not, presented to the magistrate judge")(internal quotation marks and citation omitted); *Amaya v. Ballyshear LLC*, No. 17-cv-1596 (JS), 2023 WL 2596031, at *3 (E.D.N.Y. Mar. 22, 2023) ("[W]here a party 'makes only conclusory or general objections, or simply reiterates the original arguments, the Court reviews the [R&R] only for clear error.'") (internal citation omitted); *Barratt v. Joie*, No. 96-CV-0324 (LTS), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("[O]bjections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint grounded, are conclusory").  Nevertheless, the Court applies both clear error and *de novo* review to Defendants' Objections and respectfully overrules Defendants' Objections as follows.

## I.   Fees Relating to Financial Reporting Requirements

Although the parties agree that Plaintiff is entitled to fees in connection with Borrower's failure to adhere to the financial reporting requirements in Section 5.1.11 of the Loan Agreement, the parties disagree about the amount.  Defendants argue that the provision of the Loan Agreement relating to financial reporting requirements was only operable until the 2017 maturity of the Loan such that Plaintiff has no claim to fees or penalties beyond 2017.  Defendants further argue that in light of the 2017 cutoff date, Plaintiff is only owed $5,000 in

fees relating to Borrower's failure to adhere to financial reporting requirements, as opposed to $35,000.

First, Defendants failed to raise this argument before Magistrate Judge Marutollo and offer no reason for their failure to do so.  Ordinarily, district courts will "not consider arguments . . . which could have been, but were not, presented to the magistrate judge in the first instance." *Saada v. Golan*, No. 18-CV-5292 (AMD), 2023 WL 1993538, at *2 (E.D.N.Y. Feb. 13, 2023) (internal quotation marks and citation omitted).

In any event, Defendants' argument that the financial reporting requirements in Section 5.1.11 of the Loan Agreement "[were] operable until the 2017 maturity of the loan . . . and, by extension, [that] no penalty [was] due thereafter[]" (Def. Obj. at 14), does not in any way undermine Magistrate Judge Marutollo's finding that the total applicable penalty amounts to $35,000.  As noted by Magistrate Judge Marutollo, "Section 5.1.11 of the Loan Agreement provides that "[i]f Borrower fails to furnish [the required] information, Plaintiff has the option to demand $5,000 for each required record." (R&R at 16) (citing Nunez Aff. Ex. A at 48-51.)  In accordance with this provision, on February 19, 2016, Borrower was notified that it was not in compliance with the financial reporting requirement outlined in Section 5.1.11 of the Loan Agreement, and that Borrower would be subject to a $5,000 penalty for each required record that it

failed to report.  (Nunez Aff. Ex. G at 3.)  On April 20, 2016, Borrower was notified that, as of that date, it had failed to comply with the financial reporting requirement on four separate occasions and was therefore subject to a total late penalty of $20,000.  (Nunez Aff. Ex. G at 5-6.)  On July 21, 2016, Borrower was notified that it had again failed to comply with an applicable financial reporting requirement, increasing the total penalty to $25,0000.  (Nunez Aff. Ex. G at 7.)  Finally, on August 11, 2016, Borrower was notified that, pursuant to Section 5.1.11 of the Loan Agreement, a late penalty of $5,000 applied to each of seven failures to adhere to the financial reporting requirements, such that the outstanding late penalty for Borrower's failure to adhere to Section 5.1.11 of the Loan Agreement totaled $35,000.  (Nunez Aff. Ex. G. at 9.)  Even assuming, *arguendo*, that any failures to furnish the required information were only operable until 2017, Borrower had already accumulated $35,000 in fees by August 11, 2016.

Accordingly, Defendants' argument that, based on the 2017 Loan maturity date, the penalty for Borrower's failure to fulfill its Section 5.1.11 financial reporting requirements should total $5,000, as opposed to $35,000, is unavailing.  Upon *de novo* review, the Court overrules Defendants' Objection and adopts Magistrate Judge Marutollo's recommendation that

11

"Plaintiff be awarded $35,000 in fees relating to the missing financial statements."  (R&R at 17.)

## II.  Default Interest Fee

Defendants next object to Magistrate Judge Marutollo's recommendation that the Court award Plaintiff default interest accrued at the Default Rate in the amount of $741,227.18. Defendants urge this Court to apply the "doctrine of unconscionability" and decline to uphold the "unjust enforcement of onerous contractual terms which one party is able to impose [upon] the other because of a significant disparity in bargaining power."  (Def. Obj. at 15) (citing *Rowe v. Great Atl. & Pac. Tea Co.*, 385 N.E.2d 566, 569 (N.Y. 1978)).

It is not clear whether Defendants object to the term of the Loan Agreement that sets the default rate at "the lesser of (a) the Maximum Legal Rate and (b) five percent (5%) above the [5.817% per annum] Interest Rate[]" (Nunez Aff. Ex. A at 11), or if Defendants object to the term of the Loan Agreement that provides for default interest at all.

Either way, Defendants' arguments regarding the doctrine of unconscionability are outside the purview of the underlying motion, which relates only to damages.  At the summary judgment stage, once Plaintiff established a *prima facie* entitlement to summary judgment by "producing evidence of the mortgage, the unpaid note, and the defendant's default," Defendants bore the

12

burden "to demonstrate the existence of a triable issue of fact as to a *bona fide* defense to the action, such as . . . unconscionable conduct on the part of the plaintiff." (M&O at 7) (quoting *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019)). Defendants failed to raise this argument, which relates to the validity of the underlying Loan Agreement, or to provide any support for this argument at the summary judgment stage. Nor did Defendants raise this argument before Magistrate Judge Marutollo with respect to the instant motion for damages. *See Brown*, 2012 WL 511581, at *1 (noting that "even in a *de novo* review of a party's specific objections, the court will not consider arguments . . . which could have been, but were not, presented to the magistrate judge") (internal citation omitted).

The Court finds that Defendants' last-ditch effort to assert the extraordinary contract defense of unconscionability for the first time at this stage in the litigation is "frivolous [and] conclusory[.]" *Chen*, 8 F. Sup. 3d at 416 ("If 'the party makes only frivolous, conclusory or general objections . . . the Court reviews the report and recommendation only for clear error.'") (internal citation omitted). Nevertheless, the Court "retain[s] the power to engage in *sua sponte* review" of Defendants' Objections, notwithstanding their frivolous nature, and finds that neither the provision of the Loan Agreement allowing for the accrual of default interest, the Default Rate

13

at which default interest accrued, nor the total amount of $741,227.18 in default interest are unconscionable. *Guerrero v. Comm'r of Soc. Sec.*, No. 16-cv-3290 (RJS), 2017 WL 4084051, at *4 (S.D.N.Y. Sep. 13, 2017) (quoting *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997)).

"Under New York law, a contract is unconscionable when it is 'so grossly unreasonable or unconscionable in the light of the mores of business practices of the time and place as to be unenforceable according to its literal terms.'" *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (citing *Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E.2d 824, 828 (N.Y. 1988)). Generally, in order to demonstrate that a contract is unconscionable, a party must show both that "there [was] an 'absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *Desiderio v. Ntn'l. Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999) (internal citation omitted). Defendants have made no such showing. Defendants, who were represented by counsel during the Loan Agreement negotiation and closing, allege in a conclusory fashion that they suffered from "a significant disparity in bargaining power" (Def. Obj. at 15) (citing *Rowe v. Great Atl. & Pac. Tea Co.*, 385 N.E.2d 566, 569 (N.Y. 1978)), but provide no support or explanation for this allegation. The

14

unconscionability defense is meant "to prevent oppression and unfair surprise, not to readjust the agreed allocation of the risks in the light of some perceived imbalance in the parties' bargaining power." *Gillman*, 534 N.E.2d at 830.

Defendants only point to the total default interest figure of $741,227.18 as evidence of unconscionability.  Absent any argument regarding procedural unconscionability, the Court is left to interpret Defendants' focus on the total default interest amount as an argument that the substantive provisions of the Loan Agreement providing for default interest are "so outrageous as to warrant holding [the relevant terms] unenforceable on the ground of substantive unconscionability alone." *Ragone*, 595 F.3d at 122 (quoting *Gillman*, 534 N.E.2d at 824).  Defendants' argument is similarly unavailing.  Defendants have provided no evidence or factual support for the argument that either the provision of the Loan Agreement allowing for the accrual of default interest or the Default Rate itself is so unreasonable as to warrant nullification based on substantive unconscionability alone.

To the extent Defendants object to the provision of the Loan Agreement that allows for the accrual of default interest, a contractual term providing for the accrual of interest in the event of a borrower's default is a widespread, common-sense feature of loan agreements, and the Court can find no grounds on

which to rule that such a provision is inherently unconscionable. *See AXA Inv. Managers UK Ltd. v. Endeavor Cap. Mgmt. LLC*, 890 F. Supp. 2d 373, 387 (S.D.N.Y. 2012) ("Parties to a contract have the right . . . to specify within a contract the damages to be paid in the event of a breach . . . ."). To the extent Defendants object to the Default Rate itself, as noted by Plaintiff, "[a] default rate of 5% over the contract rate, or a combined 10.817%, is far below the legal rate in New York" (Ptf. Resp. at 11), and certainly does not approach the unconscionability standard of "grossly unreasonable" or "outrageous." *Gillman*, 534 N.E.2d at 828-29. Federal courts applying New York contract law routinely approve default interest rates well above 10.817%. *See AXA Inv. Managers UK Ltd.*, 890 F. Supp. 2d at 387 n.9 ("[I]t is well established that [New York] usuary statutes do not apply to defaulted obligations[]" and "[c]ourts accordingly have upheld default interest rates that exceed twenty-five percent") (collecting cases). Finally, to the extent Defendants object to the total amount that has accrued in default interest, the accumulation of $741,227.18 in default interest was the foreseeable consequence of Borrower's prolonged failure to abide by the terms of the Loan Agreement and Borrower's failure to fulfill the obligations that were agreed to under the Loan Agreement. This Court "may not relieve a defaulting debtor from the consequences of [its

16

own] act merely because the results are harsh." *Fed. Home Loan Mtg. Corp. v. 141st St. & Broadway Realty*, No. 92-cv-1433 (MBM), 1994 WL 9686, at *5 (S.D.N.Y. Jan. 7, 1994) (quoting *Shell Oil Co. v. McGraw*, 368 N.Y.S.2d 610, 613 (N.Y. App. Div. 1975)).

Accordingly, Defendants' Objection, with respect to the portion of the R&R finding that Plaintiff is entitled to default interest accrued at the Default Rate in the amount of $741,227.18, is respectfully overruled.

### III. Authentication of Records

Finally, Defendants object to Magistrate Judge Marutollo's application of the Federal Rules of Evidence, rather than New York law. *See* (R&R at 6) ("The admissibility of hearsay is a procedural issue, so the Federal Rules of Evidence apply, not New York law."). Defendants assert that because "Plaintiff was required to prove [Borrower's] default as an element of proof under New York substantive law . . . the admissibility of the documents relied upon by the Magistrate Judge should have likewise been determined under state law." (Def. Obj. at 10.)

As an initial matter, Defendants' arguments were reviewed and rejected by Magistrate Judge Marutollo. Here, Defendants repeat an identical argument, even conceding that the same argument has previously been evaluated by Magistrate Judge Marutollo. *See* (Def. Obj. at 10-11) (arguing that the purportedly unauthenticated records submitted by Plaintiff

17

"should have been stricken" and acknowledging that this argument was also "raised in Defendants' opposition papers" and that "the Magistrate Judge . . . reject[ed] this argument").  The Court need not review the portions of an R&R to which a party objects *de novo* "where [that] party . . . simply reiterates the original arguments" stated in the briefing before the Magistrate Judge. *Saada*, 2023 WL 1993538, at *2 (internal citation omitted).  In such circumstances, the Court reviews for clear error.  *Id*.

Importantly, however, Defendants' argument represents a misunderstanding of the relevant law.  It is long settled that in a diversity of citizenship case, state law applies to substantive issues and federal laws applies to procedural issues.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  In particular, "[r]ules of evidence" are generally considered "procedural in their nature" *Salsburg v. Maryland*, 346 U.S. 545, 550 (1954), such that "an action removed to federal court" is governed by "federal procedural and evidentiary law . . . ." *Rand v. Volvo Fin. N. Am., Inc.*, No. 04-cv-349 (DLI), 2007 WL 1351751, at *13 (E.D.N.Y. May 8, 2007).  This Court agrees with Magistrate Judge Marutollo's finding that the Nunez Affidavit and supporting exhibits are admissible as business records under Fed. R. Evid. 803(6).  *See* (R&R at 6-8.)  Defendants have erroneously pointed to this Court's decision in *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*,

No. 22-cv-6474 (KAM), 2024 WL 219092 (E.D.N.Y. Jan. 22, 2024) as the lone legal authority to support their contention that New York law governs the evidentiary issues in the instant case. However, there is nothing in the Court's ruling in *Fernandez* or otherwise that contradicts well-established Supreme Court precedent or that supports Defendants' contention about the applicability of New York evidentiary law.   Finally, the Court further agrees that "[e]ven if, *arguendo*, New York law did apply, Plaintiff has established that . . . the records would also be admissible under [New York law]."  (R&R at 7 n.5.)

Defendants' Objection, with respect to the applicable rules of evidence and the admissibility of Plaintiff's affidavit and supporting exhibits, are respectfully overruled.

## IV.  Judgment of Foreclosure and Sale

In its Motion for Order of Foreclosure and Sale, Plaintiff asks this Court to include Defendants Kassin Sabbagh Realty LLC, Joshua Mizrahi, the Criminal Court of the City of New York, the New York City Environmental Control Board, and the New York City Department of Finance (the "Defaulting Defendants") in the foreclosure Judgment "such that they are each barred and foreclosed from all right, claim, lien, title, interest and equity of redemption in the" Subject Premises.  (ECF No. 97 at 2.)  In support of this request, Plaintiff points to the "Certificate of Default [that] was issued against [the

19

Defaulting Defendants].”  (ECF No. 97 at 2) (citing ECF No. 93.)
On December 7, 2023, the Clerk of Court noted the aforementioned
default pursuant to Fed. R. Civ. P. 55(a).  *See* (ECF No. 93.)
However, the Clerk of Court’s entry of default cannot convert
into a default judgment unless and until Plaintiff “appl[ies] to
the court for a default judgment[]” pursuant to Fed. R. Civ. P.
55(b)(2).

The Court respectfully directs Plaintiff to apply, upon
motion, for an order of default judgment against the Defaulting
Defendants, pursuant to Fed. R. Civ. P. 55(b)(2).  In light of
Plaintiff’s request that the Default Defendants be included in
the Judgment, the Court reserves ruling on Plaintiff’s Motion
for Order of Foreclosure and Sale until Plaintiff has secured an
entry of default judgment against the Defaulting Defendants,
pursuant to Fed. R. Civ. P. 55(b)(2).

## CONCLUSION

For the foregoing reasons, the Court adopts and affirms the
well-reasoned and thorough R&R issued by Magistrate Judge
Marutollo in its entirety.  Plaintiff’s motion to fix
indebtedness is **GRANTED** in part and **DENIED** in part in accordance
with the computation outlined in the R&R, as reproduced directly
below.

| Damages | Amount |
|---|---|
| Principal | $2,071,999.91 |
| Contract Interest | $528,315.34 |
| Default Interest | $741,227.18 |
| Late Fees | $109,595.84 |
| Advances | $117,756.86 |
| Interest on Advances | $0.00 |
| Financial Statement Fees | $35,000.00 |
| Liquidation Fees | $0.00 |
| Servicer Fee | $0.00 |
| Credit | −$715.45 |
| **TOTAL** | $3,603,179.68 |

(R&R at 20.)

Pursuant to Fed. R. Civ. P. 21, the Clerk of Court is respectfully requested to amend the caption to reflect that John Doe Nos. I-X are no longer Defendants.

Plaintiff is respectfully requested to serve a copy of this Memorandum and Order upon all pro se Defendants and to file proof of service within two (2) business days of this Memorandum and Order.

Plaintiff is further requested to file a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) with respect to

the Defaulting Defendants within thirty (30) days of this

Memorandum and Order.

**SO ORDERED.**

Dated: March 26, 2024
      Brooklyn, New York

                                    _____
                                      KIYO A. MATSUMOTO
                                      United States District Judge
                                        Eastern District of New York