United States District Court
Eastern District of New York

------------------------------------X

Wells Fargo Bank National
Association,

         Plaintiff,

    - against -

366 Realty LLC et al,

         Defendants.

------------------------------------X

**Memorandum and Order**

No. 17-cv-03570 (KAM)
(JAM)

**Kiyo A. Matsumoto, United States District Judge:**

On June 13, 2017, Wells Fargo Bank National Association, as Trustee for the Holders of COMM 2014-UBS6 Mortgage Trust Commercial Pass-Through Certificates, by and through its special servicer, LNR Partners, LLC ("Plaintiff") brought this foreclosure action against Defendants 366 Realty LLC ("366 Realty"), Joshua Mizrahi, the Criminal Court of the City of New York (the "Criminal Court"), the NYC Environmental Control Board ("ECB"), and several other defendants allegedly possessing or claiming an interest in or lien upon the real property located at 366 Knickerbocker Avenue, Brooklyn, New York 11237 (the "Property"). (ECF No. 1.)

On March 16, 2021, Judge Sterling Johnson, Jr. granted Plaintiff's motion for summary judgment only against 366 Realty,

finding Plaintiff was entitled to foreclosure. (ECF No. 58.) Following summary judgment, Judge Johnson directed the parties to stipulate to the amount owed or otherwise submit briefing regarding calculation of damages, fees, and costs. (May 26, 2021 Order.)

On October 13, 2022, this case was reassigned from Judge Johnson to the Undersigned.

On March 22, 2023, Plaintiff notified the Court that it intended to propose a briefing schedule for its anticipated Motion to Fix Indebtedness. (ECF No. 69.) The letter further stated Plaintiff's intentions to file an Amended Complaint to address, *inter alia*, adding two new judgment creditors, removing certain defendants, and addressing Mr. Mizrahi's guarantor status and his liability for sums due under the loan. (*Id.*)[1]

At a March 28, 2023 telephonic status conference, then-Magistrate Judge Ramon E. Reyes, Jr. ordered that Plaintiff serve Defendants and file the Amended Complaint. (March 28, 2023 Order.) On April 19, 2023, Plaintiff filed the Amended Complaint. (ECF No. 70, Amended Complaint ("AC").)

The Amended Complaint removed certain defendants and added

---

[1] Regarding the proposed amendments concerning Mr. Mizrahi's guaranty of the loan, the letter states, in relevant part, that: "Defendant Joshua Mizrahi executed a Guarantee of the Loan which is the subject of this action. By virtue of his actions, Mr. Mizrahi has liability for sums due under the Loan. In paragraphs 64 and 66, and the WHEREFORE clause on page 15, the proposed Amended Complaint preserves the ability of the Plaintiff to pursue Mr. Mizrahi for a deficiency judgment after the foreclosure sale." (ECF No. 69 at 2.)

the New York City Department of Finance ("DOF") and Kassin Sabbagh Realty LLC ("Kassin") following Plaintiff's discovery that the two entities had obtained liens to the Property after the instant action had commenced. (*See id*.) Although the Original Complaint named Mr. Mizrahi as a defendant "based upon his status as guarantor of the loan having or claiming an interest in or lien upon" the Property, (ECF No. 1 ¶ 3), the Amended Complaint added additional paragraphs addressing Mr. Mizrahi's personal liability as a Guarantor, (AC ¶ 53). The Amended Complaint alleged, *inter alia*, that "the Guarantor is made a defendant herein because he has personal liability under the Guaranty, is liable for sums due under the Loan Documents in accordance with the Guaranty, and should assert whatever defenses or arguments he has as they relate to his liability under the Guaranty." (*Id.*)[2]

On July 21, 2023, Plaintiff filed a Motion to Fix Indebtedness to determine the amount of indebtedness that Plaintiff is owed. (ECF No. 87.)

---

[2] The Amended Complaint further added paragraph 55, which reads, in relevant part: "Pursuant to N.Y. Real Prop. Acts. Law §1371, Plaintiff will move the Court to enter final judgment against Borrower *and Guarantor* for any residue of the debt under the Note remaining unsatisfied after the foreclosure sale of the Property is completed." (AC ¶ 55 (emphasis added).) The Amended Complaint further amended its request for relief to request that the Court enter a judgment that finds "Plaintiff has preserved its right to pursue any deficiency...after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrower *and/or Guarantor* for such deficiency[.]" (*Id.* at 12 (emphasis added).)

On July 31, 2023, Plaintiff requested that the Clerk enter a Certificate of Default for Defendants Mr. Mizrahi, the Criminal Court, ECB, DOF, and Kassin pursuant to Federal Rule of Civil Procedure 55(a) for failure to respond or otherwise defend regarding the Amended Complaint. (ECF No. 91.)

On September 11, 2023, this Court referred Plaintiff's Motion to Fix Indebtedness to Judge Reyes. On November 16, 2023, the case was reassigned to Magistrate Judge Joseph A. Marutollo.

On December 7, 2023, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a) as to Mr. Mizrahi, ECB, DOF, the Criminal Court, and Kassin. (ECF No. 93.)

On January 15, 2024, Judge Marutollo issued a Report and Recommendation on the Motion to Fix Indebtedness recommending, *inter alia*, that Plaintiff be awarded $3,603,179.68 plus interest accruing at a daily rate of $622.58 from July 31, 2023, through the entry of Judgement of Foreclosure. (ECF No. 95 at 20.) Defendants were served with the January 15, 2024 Report and Recommendation on Plaintiff's Motion to Fix Indebtedness on January 16, 2024. (ECF No. 96.) 366 Realty and Mr. Mizrahi filed objections, and Plaintiff responded to the objections. (ECF Nos. 99-100.)

On January 29, 2024, Plaintiff filed a Motion for Order of Sale, which included a proposed Judgment of Foreclosure and Sale. (ECF No. 97.) In relevant part, Plaintiff requested that the

judgment include Mr. Mizrahi, the Criminal Court, ECB, DOF, and Kassin——the Defendants who were in default——such that they were "each barred and foreclosed from all right, claim, lien, title, interest and equity of redemption in the" Property. (*Id.* at 2.) The proposed Judgment further included language that Mr. Mizrahi "is liable for any losses of Plaintiff incurred as a result of the Guaranteed Obligations[.]" (*Id.* at 6.)

On March 26, 2024, this Court adopted Judge Marutollo's Report and Recommendation regarding Plaintiff's Motion to Fix Indebtedness but reserved ruling on Plaintiff's proposed Judgment of Foreclosure and Sale until Plaintiff secured entries of default judgment against Mr. Mizrahi, the Criminal Court, ECB, DOF, and Kassin (collectively, the "Defaulting Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 101.) Accordingly, this Court terminated Plaintiff's Motion for Order of Sale, (ECF No. 97), and directed Plaintiff to refile the motion with its anticipated motion for default judgment against the Defaulting Defendants, (April 2, 2024 Order).

On April 12, 2024, Plaintiff filed its Motion for Default Judgment and a Proposed Judgment of Foreclosure and Sale, including, in relevant part, proposed provisions reserving Plaintiff's rights to proceed against Mr. Mizrahi as the guarantor if proceeds of the mortgaged property's sale were insufficient to satisfy the amounts owed to Plaintiff. (ECF Nos. 103 and 103-7.)

5

On September 24, 2024, this Court referred Plaintiff's Motion for Default Judgment to Judge Marutollo. On October 29, 2024, Judge Marutollo directed Plaintiff to supplement its Motion for Default Judgment to cure deficiencies related to compliance with the Servicemembers Civil Relief Act, which Plaintiff did soon after. (October 29, 2024 Order; *see* ECF No. 106.) On November 12, 2024, following a status conference, Judge Marutollo ordered Plaintiff to supplement its Motion for Default Judgment "with case law to establish that Defendant Mizrahi has an interest in the subject property that can be foreclosed upon and that default judgment is proper against Defendant Mizrahi under the default judgment factors discussed in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) in light of Defendant Mizrahi's appearance and participation in this case." (November 12, 2024 Order.)

On November 14, 2024, Plaintiff filed its supplemental briefing as directed, and on November 18, 2024, Mr. Mizrahi filed a response. (ECF Nos. 108, 109.)

Presently before this Court are Plaintiff's objections to Judge Marutollo's Report and Recommendation ("R&R") filed on November 26, 2024, recommending that Plaintiff's Motion for Default Judgment be granted as to Kassin but denied as to Mr. Mizrahi, the Criminal Court, ECB, and DOF. (ECF No. 110 ("R&R").) Specifically, Judge Marutollo recommended that default judgment against Mr. Mizrahi would be improper where his failure to respond

6

to the Amended Complaint was not willful; he offered a potential meritorious defense; and there is no substantial prejudice to Plaintiff if he is permitted to defend the case on its merits. (*Id.* at 13-20.) He further recommended that should this Court adopt the R&R, Mr. Mizrahi should "file an answer to the amended complaint, and the Court should set a briefing schedule for the parties to move for summary judgment on the issue of the timeliness of Plaintiff's deficiency claim." (*Id.* at 20.)

The R&R further recommended that default judgment be denied against the Criminal Court, ECB, and DOF because Plaintiff's allegations regarding its interests in the Property are insufficient to meet the heightened pleading standard applicable for municipal defendants. (*Id.* at 21-23.) Finally, the R&R recommended granting default judgment against Kassim, because Plaintiff's allegations sufficiently established Kassin's nominal liability, meaning any judgment or lien Kassin may have against the Property is subordinate to Plaintiff's lien. (*Id.* at 23-24.)

On November 27, 2024, Plaintiff filed proof of service via First Class Mail of the R&R on the Criminal Court, DOF, ECB, and Kassin, as directed by the R&R. (R&R at 24-25; ECF No. 111.) A copy of the R&R was also served electronically on counsel at the time of filing. (R&R at 24-25.) On December 10, 2024, Plaintiff timely filed objections. (ECF No. 113 ("Pl. Objs.").) On December 23, 2024, Mr. Mizrahi timely filed a response. (ECF No. 114

7

("Mizrahi Resp.").)

On December 24, 2024, Plaintiff filed a letter with a proposed schedule for summary judgment briefing, following the R&R's recommendation to deny Plaintiff's motion for default judgment as to all but Kassim. (ECF No. 115.) The same day, Judge Marutollo issued an order reminding Plaintiff that, as noted in the R&R, further briefing would be scheduled if this Court adopts the R&R.

For the reasons below, and upon *de novo* determination of the portions of the R&R to which Plaintiff's objections are made, the Court respectfully overrules Plaintiff's objections and adopts and affirms Judge Marutollo's well-reasoned R&R in its entirety.

**BACKGROUND**

As recounted in the R&R, the following facts are from the Amended Complaint and assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).[3]

On November 6, 2014, 366 Realty executed a $2,200,000 loan and signed and delivered an Amended, Restated, and Consolidated Promissory Note (the "Note") to a lender, secured by the Property. (AC ¶¶ 14-15, 23.) Mr. Mizrahi guaranteed the loan pursuant to a Guaranty of Recourse Obligations (the "Guaranty"). (*Id.* ¶ 29.) The lender subsequently assigned and transferred the relevant loan

_____

[3] The Court notes that the following facts recounted from the Amended Complaint are reflected in the Original Complaint, which formed the basis of the summary judgment entered against 366 Realty finding Plaintiff was entitled to foreclosure. (*See* ECF No. 58.)

8

documents, including the Note, to Plaintiff. (*Id.* ¶ 33.) On February 19, 2016, Plaintiff notified 366 Realty that it was in default. (*Id.* ¶ 38.) On April 3, 2017, Plaintiff accelerated the Note after 366 Realty failed to cure the default. (*Id.* ¶ 43.) Plaintiff filed the Original Complaint in the instant action on June 13, 2017. (ECF No. 1.) Plaintiff filed the Amended Complaint on April 19, 2023. (AC.)

## LEGAL STANDARD

In reviewing a report and recommendation, the district court may accept, reject, or modify its findings and recommendations in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If no timely objection is filed, "the district court need only satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (citation omitted).

When a party timely objects to a report and recommendation, the Court must review *de novo* those recommendations to which the party objects. *See* § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Romano*, 794 F.3d 317 (2d Cir. 2015). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018). "Where the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court

will review the report and recommendation strictly for clear error." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 46 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

Further, "even in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 370 (E.D.N.Y. 2014) (internal quotation marks and citation omitted); *see Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (noting where "objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error").

## DISCUSSION

No party objected to the R&R's recommendation to grant default judgment against Kassim. Accordingly, the Court "need only satisfy itself that there is no clear error on the face of the record." *May*, 659 F. Supp. 3d at 332. The Court has reviewed the portions of the R&R related to granting default judgment against Kassim and finds no clear error.

Plaintiff alleges that Kassin is a defendant "based on its status as a potential judgment creditor claiming a lien upon the

premises described in the First Amended Complaint." (AC ¶ 7.) As the R&R notes, Kassin failed to answer or otherwise respond, and Plaintiff's allegations, taken as true, are sufficient to establish Kassin's nominal liability, meaning any judgment or lien Kassin may have against the Property is subordinate to Plaintiff's lien. (*See* R&R at 23-24); *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-cv-6417 (DLI) (RER), 2021 WL 8316275, at *4 (E.D.N.Y. Aug. 11, 2021) (noting "lenient pleading standards apply" for "a suit against non-government creditors" and finding "well-pleaded complaint is sufficient to ascribe liability to non-government defendants even without elaborating on the nature of their interest in the property"). Accordingly, the Court agrees with and adopts the R&R's recommendation that default judgment be granted against Kassin. (R&R at 23-24.)

Plaintiff further timely objected to the R&R's recommendation to deny default judgment against Mr. Mizrahi. Plaintiff also discussed, but did clearly object to, the R&R's recommendation to deny default judgment against the Criminal Court, ECB, and DOF. The Court first addresses the objections related to Mr. Mizrahi and then addresses Plaintiff's statements related to the Criminal Court, ECB, and DOF (collectively, the "City Defendants").

## I.  Defendant Mizrahi

In recommending that default judgment against Mr. Mizrahi would be improper and should be denied, the R&R analyzed the

11

relevant factors for determining whether a defendant's default was willful; (2) whether a defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer from a denial of the default judgment motion. *See Enron Oil Corp.*, 10 F.3d at 96; (R&R at 8, 13-20). The R&R found that Mr. Mizrahi's failure to respond to the Amended Complaint was not willful; that he has a potential meritorious defense; and that there would be no substantial prejudice to Plaintiff if Mr. Mizrahi defends the case on its merits. (R&R at 13-20.) The R&R further recommended that should default judgment be denied against Mr. Mizrahi, then Mr. Mizrahi should "file an answer to the amended complaint, and the Court should set a briefing schedule for the parties to move for summary judgment on the issue of the timeliness of Plaintiff's deficiency claim." (*Id.* at 20.)

Plaintiff's objections to the R&R's recommendation as to Mr. Mizrahi focus only on the second factor: whether Mr. Mizrahi has a meritorious defense. (Pl. Objs. at 5-8.) The gravamen of Plaintiff's objections is that it is proper for the Court to enter default judgment against Mr. Mizrahi, foreclose his interests in the Property through the proposed Judgment of Foreclosure and Sale, and reserve Plaintiff's rights to pursue a deficiency from Mr. Mizrahi, because Mr. Mizrahi's proffered defense to a deficiency liability is premature and should be litigated after a sale. (*Id.*)

12

Mr. Mizrahi timely responded to Plaintiff's objections. He argues that, although the Original Complaint named him as a defendant "based upon his status as guarantor of the loan having or claiming an interest in or lien upon" the Property (ECF No. 1 ¶ 3), the Original Complaint nonetheless did not preserve Plaintiff's right to seek a deficiency against him; that the Amended Complaint's allegations of his personal liability for deficiency are untimely and fall outside the six-year statute of limitations applicable to recovery under the Guaranty; that he has been actively defending this litigation, notwithstanding his failure to respond to the Amended Complaint, and is entitled to defend against allegations of his personal liability as guarantor; and that he would be prejudiced should a sale proceed while his personal liability remains unadjudicated. (Mizrahi Resp. at 2-5.)

Because Plaintiff's objections focus only on the R&R's analysis of Mr. Mizrahi's potential meritorious defense, the Court first reviews *de novo* that portion of the R&R. *See* § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Because Plaintiff does not clearly object to the R&R's analysis of the remaining factors of willful default and prejudice, the Court will review the R&R's recommendation concerning those factors for clear error.

## A.    Meritorious Defense

Upon *de novo* review, the Court respectfully overrules Plaintiff's objections to the R&R's finding that Mr. Mizrahi offers a meritorious defense that weighs in favor of denying default judgment.

"To establish the existence of a meritorious defense, a defendant must present some evidence beyond mere conclusory denials." *Hellman v. Cortland Realty Investments LLC, et al.*, No. 22-cv-08341 (ALC) (VF), 2025 WL 415388, at *4 (S.D.N.Y. Feb. 6, 2025) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)); *see also State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167–68 (2d Cir. 2004) (noting "meritorious defense factor[] 'should be construed generously'"); *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (noting that "courts in this Circuit routinely recognize that a defendant need only 'meet a low threshold' to satisfy [the meritorious defense] factor" and collecting cases).

Mr. Mizrahi argues that (a) allegations of his personal liability were raised for the first time in the Amended Complaint, and (b) the Amended Complaint's allegations are untimely under the six-year statute of limitations applicable to recovery under a guaranty pursuant to C.P.L.R. § 213(4). (Mizrahi Resp. at 2-5.) According to Mr. Mizrahi, the six-year limitations period started on April 3, 2017, when Plaintiff accelerated the Note, but the

14

Amended Complaint seeking relief against Mr. Mizrahi was not filed until April 19, 2023. (*See id.*)

Although the Original Complaint named Mr. Mizrahi as a defendant "based upon his status as guarantor of the loan" having an interest in or lien upon the Property (ECF No. 1 ¶ 3), Plaintiff specifically sought leave to amend, which the Court granted, to add the additional allegation that Mr. Mizrahi "is made a defendant herein because he has personal liability under the Guaranty, is liable for sums due under the Loan Documents in accordance with the Guaranty, and should assert whatever defenses or arguments he has as they relate to his liability under the Guaranty." (AC ¶ 53.) A similar paragraph regarding Mr. Mizrahi's personal liability under the Guaranty was not included in the Original Complaint.[4]

---

[4] The Amended Complaint added further allegations reserving Plaintiff's right to move for entry of final judgment against both Borrower (366 Realty) *and* Mr. Mizrahi for any deficiency remaining on the debt. Where the Original Complaint noted that Plaintiff will move for entry of a "final judgment against Borrower for any residue of the debt under the Note," and that "Plaintiff has preserved its right to pursue any deficiency...after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts Law §1371 and may move the Court to enter final judgment against Borrower for such deficiency" (ECF No. 1 ¶ 62, at 16), the Amended Complaint expands on those allegations to add that Plaintiff will move for entry of a "final judgment against Borrower *and Guarantor* for any residue of the debt under the Note" and preserving Plaintiff's "right to pursue any deficiency that may exist...after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrower *and/or Guarantor* for such deficiency," (AC ¶ 55 (emphasis added), at 12 (emphasis added).)

Plaintiff does not dispute that the Amended Complaint specifically added allegations of Mr. Mizrahi's personal liability but instead argues that the timeliness defense to deficiency liability is premature because it does "not impact Plaintiff's ability to have a foreclosure judgment entered in its favor at this time." (Pl. Objs. at 5.) Plaintiff's objections are unavailing.

"[U]nder New York law, an adjudication as to the parties responsible for a deficiency must be contained in the judgment of foreclosure and sale." *Fed. Home Loan Mortg. Corp. v. 2001 Concourse Realty, Inc.*, No. 94-cv-0586 (KTD), 1996 WL 671199, at *2 (S.D.N.Y. Nov. 20, 1996) (internal quotations and citation omitted) (citing *Cassia Corp. v. North Hills Holding Corp.,* 118 N.Y.S.2d 220, 221 (2d Dep't 1952) ("A deficiency judgment may be entered...if there is an adjudication of personal liability in the foreclosure judgment"), *aff'd*, 305 N.Y. 837, 114 (1953)); *see Bankers Tr. Co. of California v. Battaglia*, No. 97-cv-0847E (SC), 1999 WL 782304, at *2-4 (W.D.N.Y. Aug. 23, 1999) (same).

Because "an adjudication as to the parties responsible for a deficiency must be contained in the judgment of foreclosure and sale," Mr. Mizrahi's defense to a deficiency liability, raised prior to entry of a judgment of foreclosure and sale, is not premature. *2001 Concourse Realty, Inc.*, No. 94-cv-0586 (KTD), 1996 WL 671199, at *2; *see Cassia Corp.*, 118 N.Y.S.2d at 221.

16

Nor is it premature to adjudicate whether Mr. Mizrahi is liable for a deficiency prior to entry of a judgment for foreclosure and sale, notwithstanding that any potential deficiency or *amount* of potential deficiency would be undetermined. *See Green Mountain Holdings (Cayman) Ltd. v. Eddington Link, LLC*, No. 21-cv-1729 (EK) (RER), 2021 WL 7710107, at *4 (E.D.N.Y. Dec. 31, 2021) (in determining liability on motion for default judgment for foreclosure and sale of a property, noting that "[a]lthough a deficiency judgment is not appropriate until after the foreclosure and sale has occurred, it is appropriate at this stage to determine liability if the deficiency judgment should occur," and citing *Battaglia* and *Cassia Corp.*), *report and recommendation adopted*, No. 21-cv-1729 (EK) (RER), 2022 WL 903062 (E.D.N.Y. Mar. 28, 2022); *Battaglia*, No. 97-cv-0847E (SC), 1999 WL 782304, at *2-4 ("[B]ecause a judgment of foreclosure and sale will be entered pursuant to this Order, a determination of liability on the deficiency judgment is not premature even though the amount thereof is unascertainable at present."); *2001 Concourse Realty, Inc.*, No. 94-cv-0586 (KTD), 1996 WL 671199, at *2 (noting that although "it is impossible to determine the *extent* of" personal liability prior to a sale, "the more general issue of" personal liability "for any deficiency is not 'premature'" (emphasis in original)).

Because a deficiency liability is properly adjudicated prior

to entry of a judgment of foreclosure and sale, Mr. Mizrahi's defense is therefore not premature. *See Pines at Setauket, Inc. v. Ret. Mgmt. Grp. Inc.*, 636 N.Y.S.2d 121, 121 (2nd Dep't 1996) (agreeing with lower court that language used in "judgment of foreclosure and sale was insufficient to adjudicate deficiency liability against" respondents where it "merely granted the plaintiff permission to seek a deficiency judgment" but "did not adjudicate the right to obtain a deficiency judgment," and therefore lower court "did not err by denying the plaintiff's motion for leave to enter a deficiency judgment").

Further, Mr. Mizrahi's proffered defense satisfies the "low threshold" of the meritorious defense factor at this stage. *MD Produce Corp.*, 304 F.R.D. at 110; *see Haber v. Nasser*, 733 N.Y.S.2d 720, 721 (2nd Dep't 2001) (noting "six-year Statute of Limitations applicable to a guaranty begins to run when the debtor defaults on the underlying debt" and "[s]ince the corporation defaulted in 1991," action commenced in 1999 "was untimely"); *Gazza v. United California Bank Int'l*, 451 N.Y.S.2d 806 (2nd Dep't 1982) (noting that action to enforce guaranty against individual guarantors could be time-barred where more than six years had elapsed since default); *see also Bus. Loan Ctr., Inc. v. Wagner*, 818 N.Y.S.2d 406 (4th Dep't 2006) (in foreclosure action, denying summary judgment and finding issue of fact regarding timeliness where defendants, including individual guarantor, raised defense that

18

six-year statute of limitation expired); *Westnine Assocs. v. W. 109th St. Assocs.*, 677 N.Y.S.2d 557, 558-59 (1st Dep't 1998) (where original complaint did not seek relief under guaranty against individual guarantors, such guarantors raised timeliness defense against amended complaint seeking recovery under guaranty).

Accordingly, the Court overrules Plaintiff's objections and finds that Mr. Mizrahi offers a meritorious defense, which weighs in favor of denying default judgment.

**B.    Willfulness and Prejudice**

Plaintiff's objections are not specifically and clearly aimed at the R&R's remaining analysis of the aforementioned willfulness and prejudice factors. (*See generally* Pl. Objs.) The Court finds that, to the extent Plaintiff does so object, it does so with "conclusory or general objections" and "simply reiterates" Plaintiff's supplemental briefing at ECF No. 108, raised prior to the R&R, that specifically argues that Mr. Mizrahi's default is proper under such factors. *Charlot, Inc.*, 97 F. Supp. 3d at 46; (ECF 108 at 8-12). Objections of this nature trigger clear error review. *See Charlot, Inc.*, 97 F. Supp. 3d at 46.

**1.    Willfullness**

The Court agrees with and adopts the R&R's recommendation that Mr. Mizrahi's conduct does not demonstrate a willful failure to answer the Amended Complaint, weighing against granting a default judgment against him. (R&R at 14-17.) Although willfulness

19

is not dispositive, it is "the most significant factor[.]" *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024). "Willfulness in the default judgment context looks to 'egregious or deliberate conduct,' and even 'grossly negligent' actions do not necessarily qualify." *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023) (citation omitted).

Mr. Mizrahi attributes his failure to respond to the Amended Complaint to "distractions of extensive motion practice" while opposing Plaintiff's contemporaneous Motion to Fix Indebtedness. (ECF No. 109 at 4.) The Court agrees with the R&R that the explanation does not demonstrate egregious or deliberate conduct sufficient to show willfulness. (*See* R&R at 14-17); *Starling*, 76 F.4th at 102 (citing *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context.")).

As the R&R noted, Mr. Mizrahi has been actively litigating this matter over the years: he answered the Original Complaint, opposed the Motion for Summary Judgment, opposed the Motion to Fix Indebtedness, and objected to the Report and Recommendation on the Motion to Fix Indebtedness, along with appearances by Mr. Mizrahi's counsel at court conferences. Mr. Mizrahi also opposed the instant motion for default judgment. (ECF No. 109.)

Accordingly, the Court agrees with and adopts the R&R's

recommendation that this factor weighs in favor of denying default judgment.

### 2. Prejudice

The Court agrees with and adopts the R&R's recommendation that there would be no substantial prejudice to Plaintiff if Mr. Mizrahi defends this action on the merits. (*See* R&R at 19-20.) The Second Circuit has made clear that "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Henry*, 108 F.4th at 52-53 (citation omitted).

Plaintiff's supplemental briefing asserts that 366 Realty "continues to collect the rents while Plaintiff is deprived of a recovery," (ECF No. 108 at 11), and Plaintiff's objections state generally that it would be improper to delay this action by not entering a judgment of foreclosure and sale, (ECF No. 113 at 2). Though the Court has considered Plaintiff's arguments, neither suggests that delay would cause loss of evidence, difficulties in discovery, or fraud and collusion. *See Henry*, 108 F.4th at 53 (finding district court erred in deciding plaintiff "had litigated long enough and that setting aside the default judgment would delay the proceedings even further" where record did not suggest setting aside judgment would cause loss of evidence, difficulties in discovery, or fraud and collusion). Accordingly, the Court agrees

with and adopts the R&R's recommendation that this factor weighs in favor of denying default judgment.

Recognizing that the Second Circuit "generally disfavor[s]" default judgments and has repeatedly noted its "oft-stated preference for resolving disputes on the merits," the Court overrules Plaintiff's objections and adopts Judge Marutollo's recommendation that Plaintiff's default judgment as to Mr. Mizrahi be denied. *See Enron Oil Corp.*, 10 F.3d at 96.

## II.  City Defendants

Plaintiff does not state objections that are "specific and clearly aimed" at any particular finding in the R&R as to the City Defendants. *Allied Design & Constr., LLC*, 335 F. Supp. 3d at 351.

Instead, Plaintiff only reiterates the Amended Complaint's allegations and references exhibits appended to its objections regarding ECB violations and the Criminal Court's judgments, which Plaintiff did not include in its motion. (*See* Pl. Objs. at 8-9.) Neither the statements nor the exhibits constitute objections warranting de novo review. *See Allied Design & Constr., LLC*, 335 F. Supp. 3d at 351; *see also Meussdorffer*, 50 F. Supp. 3d at 370 ("[E]ven in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance" (internal quotations and citation omitted)). Accordingly, as Plaintiff does not

specifically and clearly object to the R&R's findings and recommendation as to the City Defendants, the Court "need only satisfy itself that there is no clear error on the face of the record." *May*, 659 F. Supp. 3d at 332.

The Court has reviewed the portions of the R&R recommending denial of default judgment against the City Defendants and is satisfied that there is no clear error. The Court agrees that the Amended Complaint's allegations do not satisfy the heightened pleading standard required to establish the City Defendants' nominal liability because the allegations fail to allege the nature of the City Defendants' interests in the Property. (*See* R&R at 20-23); *Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 265 (E.D.N.Y. 2024) ("[W]here a city agency is named as a defendant, heightened pleading requirements apply where the complaint must set forth '[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant.'" (citation omitted)); *Courchevel 1850 LLC v. Rodriguez*, No. 17-cv-6311 (MKB), 2019 WL 2233828, at *8 (E.D.N.Y. May 22, 2019) (noting "[c]ourts in this Circuit have held that boilerplate statements alleging that an agency 'has a beneficial interest in' a property, or are 'necessary party defendants by way of having filed liens or judgments against the premises' are inadequate as a matter of law to establish liability against a city agency in a foreclosure action" and collecting

cases).

Accordingly, the Court agrees with and adopts the R&R's recommendation that Plaintiff's motion for default judgment be denied against DOF, ECB, and the Criminal Court. (R&R at 20-23.)

**CONCLUSION**

For the foregoing reasons, the Court adopts and affirms Judge Marutollo's well-reasoned and thorough R&R in its entirety. Accordingly, Plaintiff's motion for default judgment is GRANTED as to Kassim and DENIED as to Defendants Mr. Mizrahi, the Criminal Court, ECB, and DOF.

Plaintiff shall file a Second Amended Complaint, which will become the operative complaint, by February 28, 2025, to address the pleading deficiencies identified in the R&R regarding the City Defendants. Plaintiff is reminded that the Second Amended Complaint should include adequate factual allegations against all Defendants against whom Plaintiff seeks relief. By March 14, 2025, Mr. Mizrahi must answer the anticipated Second Amended Complaint. By March 21, 2025, Plaintiff and Mr. Mizrahi shall jointly propose a concise briefing schedule for moving for summary judgment on the issue of the timeliness of Plaintiff's deficiency claim. The parties are also encouraged to settle this action.

Given the age of the action, the parties are encouraged to consent to Judge Marutollo's jurisdiction for adjudication of the anticipated summary judgment motion, and/or for adjudication of

the entire action, if all parties consent.

Plaintiff is ordered to serve a copy of this Memorandum and Order on the pro se Defendants at the addresses noted in the R&R (R&R at 25) and note service on the docket by February 24, 2025.

**So ordered.**

Dated:     February 20, 2025
           Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York