UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WELLS FARGO BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR THE HOLDERS OF COMM 2014-
UBS6 MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH CERTIFICATES BY
AND THROUGH ITS SPECIAL SERVER, LNR
PARTNERS LLC,

**REPORT AND
RECOMMENDATION**

                Plaintiff,

17-CV-3570
(Matsumoto, J.)
(Marutollo, M.J.)

           v.

366 REALTY LLC; JOSHUA MIZRAHI; CRIMINAL
COURT OF THE CITY OF NEW YORK; NYC
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY DEPARTMENT OF FINANCE; KASSIN
SABBAGH REALTY LLC,

                Defendants.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Wells Fargo Bank National Association, as Trustee for the Holders of COMM

2014-UBS6 Mortgage Trust Commercial Pass-Through Certificates, by and through its special

service, LNR Partners LLC ("Plaintiff") filed this foreclosure action on June 13, 2017 against

Defendants 366 Realty LLC ("366 Realty"); Joshua Mizrahi; Criminal Court of the City of New

York (the "Criminal Court"); NYC Environmental Control Board ("ECB"); New York City

Department of Finance ("DOF"); Kassin Sabbagh Realty LLC ("Kassin"); as well as several other

defendants who were thought to possess or claim an interest in or lien upon the real property

located at 366 Knickerbocker Avenue, Brooklyn, New York 11237 (the "Property"). *See* Dkt. No.

1.

      On March 16, 2021, the Court granted Plaintiff's motion for summary judgment against

366 Realty. *See* Dkt. No. 58; *see also Wells Fargo Bank Ass'n v. 366 Realty LLC*, 2021 WL

9494173 (E.D.N.Y. Mar. 16, 2021) (Johnson, J.).  On November 26, 2024, the undersigned issued a Report and Recommendation, recommending that default judgment be granted as to Kassin, but denied as to Mizrahi,[1] the Criminal Court, the ECB, and the DOF.  *See* Dkt. No. 110.  On February 20, 2025, the Honorable Kiyo Matsumoto, United States District Judge, adopted that Report and Recommendation in full.  *See* Dkt. No. 118.

Currently pending before this Court,[2] on a referral from the Judge Matsumoto, is Plaintiff's motion for default judgment (the "Motion") against Defendants Criminal Court, the ECB, and the DOF (collectively, the "Defaulting Defendants").[3]  *See* Dkt. No. 148; Dkt. No. 137 Text Entry. For the reasons set forth below, this Court respectfully recommends that Plaintiff's Motion be **GRANTED** in part and **DENIED** in part.

I.    **Background**

A.    **Factual Allegations**

The following facts are taken from the Second Amended Complaint, Plaintiff's Motion, and the attachments filed in support of Plaintiff's Motion.  The facts are assumed to be true for the purposes of this motion.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and

---

[1] While Mizrahi initially appeared through counsel and answered the Complaint on August 21, 2017, *see* Dkt. No. 7, he defaulted with regard to the First Amended Complaint.  *See* Dkt. Nos. 70, 90.  Plaintiff's motion for default judgment against Mizrahi, however, was denied, as Mizrahi subsequently became active in the litigation again and answered the Second Amended Complaint.  *See* November 12, 2024 Text Order; Dkt. Nos. 110, 128.

[2] Also pending before this Court are Plaintiff's and Mizrahi's cross-motions for summary judgment on the issue of Mizrahi's deficiency liability as a guarantor, and Plaintiff's motion for appointment of a receiver. *See* Dkt. Nos. 141, 142.  A separate opinion shall issue with regard to those motions.

[3] Plaintiff also moves for default judgment against Kassin.  *See* Dkt. No. 148.  Per the Court's September 19, 2025 Order, however, Plaintiff's motion for default judgment against Kassin (see Dkt. No. 148-9 at 11-12), is denied as moot because the Court already granted Plaintiff's default judgment motion against Kassin. *See* Dkt. No. 118; September 19, 2025 Text Order.

draw all reasonable inferences in plaintiff's favor); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Text Order (E.D.N.Y. Jan. 9, 2024) (same); *Doe v. Hyassat*, No. 18-CV-6110 (PGG) (OTW), 2024 WL 1955354 (S.D.N.Y. May 3, 2024) (same).

On November 6, 2014, 366 Realty executed a loan agreement (the "Loan Agreement") obtaining a loan (the "Loan") for $2,200,000 from Cantor Commercial Real Estate Lending, L.P. (the "Original Lender"). Dkt. Nos. 121 ¶¶ 13-14; 121-3. Defendant 366 Realty signed and delivered an Amended, Restated, and Consolidated Promissory Note (the "Note"). Dkt. No. 121 ¶ 15; Dkt. No. 121-4. The indebtedness owed under the Note is secured by the Property, as outlined in the Mortgage Security Agreement and Assignment of Leases and Rents ("Original Mortgage"). Dkt. No. 121 ¶ 16; Dkt. No. 121-5. The Original Mortgage was recorded in the Office of City Register of the City of New York, Kings County on August 22, 2006, as CRFN 2006000473672. Dkt. Nos. 121 ¶ 17.

After numerous assignments, the indebtedness owed under the Note was further secured by the Property, as evidenced by the Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated November 6, 2014 (the "Amended Mortgage"). Dkt. No. 121 ¶¶ 17-22. The Amended Mortgage, which restated, amended, and consolidated the Original Mortgage, granted the Original Lender a first-priority lien on the Property, and was recorded in the Office of City Register of the City of New York, Kings County on November 28, 2014, as CRFN 2014000393969. *See* Dkt. Nos. 121 ¶¶ 23-25; 121-8.

As a further source of repayment for the obligations owed by 366 Realty, including its obligations under the Note, Defendant 366 Realty executed an Assignment of Leases and Rents (the "ALR"). Dkt. No. 121 ¶ 27; Dkt. No. 121-9. Defendant Mizrahi also allegedly guaranteed

repayment of the Loan pursuant to a Guaranty of Recourse Obligations, dated November 6, 2014 (the "Guaranty").  Dkt. No. 121 ¶ 29; Dkt. No. 121-10.

In December 2014, the Original Lender assigned and transferred all rights, title, and interest in the Loan Agreement, Note, ALR, and Mortgage (collectively, the "Loan Documents") to Plaintiff.  Dkt. No. 121 ¶ 30; Dkt. No. 121-11.

By letter dated February 19, 2016, Plaintiff notified Defendant 366 Realty that it was in default under the terms of the Loan for failing to have all rents deposited into the requisite clearing account, failing to remit all excess cash to Plaintiff, failing to deliver outstanding financial statements to Plaintiff, and executing a lease at the Property without Plaintiff's prior review and consent.  Dkt. Nos. 121 ¶ 37; 121-13.  Plaintiff sent four additional default letters to Defendant 366 Realty after it failed to cure the aforementioned defaults.  *See* Dkt. Nos. 121 ¶¶ 38-41; 121-14 – 121-17.  Then, on April 3, 2017, Plaintiff accelerated the Note after Defendant 366 Realty failed to cure the defaults.  *See* Dkt. Nos. 121 ¶¶42-43; 121-18.

As of Plaintiff's commencement of this action on June 13, 2017, and through the filing of Plaintiff's Second Amended Complaint on February 28, 2025, Plaintiff asserts that Defendant 366 Realty was and is in default under the terms of the Loan Documents.  *See* Dkt. No. 121 ¶¶ 36.

Accordingly, Plaintiff alleges that Defendant 366 Realty is indebted to the Lender for all sums due and owing under the Loan Documents.  *Id*. ¶ 46.  Plaintiff further claims that it is entitled to possession of the Property and to collect rents and profits of the same under the terms of the Amended Mortgage and the ALR.  *Id*. ¶¶ 47-49.  Moreover, Plaintiff contends that the Amended Mortgage entitles Plaintiff to foreclose on the Property and that Plaintiff be granted immediate possession of the same.  *Id*. ¶ 50.

Plaintiff has named the Criminal Court as a defendant in this action based on its status as a potential judgment creditor of 366 Realty and its possible liens upon the Property. *Id*. ¶ 4. Specifically, Plaintiff contends that the Criminal Court has judgment liens on the Property, including monetary judgments in its favor and against 366 Realty LLC

> in the amount of (i) $2,750, docketed February 17, 2017, by the Clerk of the Criminal Court of Kings County, as Control Number 003594062 01, obtained in the Kings County Criminal Court at Index No. 2010SK113570, and (ii) $52,750, docketed February 17, 2017, by the Clerk of the Criminal Court of Kings County, as Control Number 003594063, obtained in the Kings County Criminal Court at Index No. 2010SK115382.

*Id*. ¶ 53; Dkt. No 121-19 at 2-3.[4]

Plaintiff has named the ECB as a defendant in this action based on its status as a potential judgment creditor of 366 Realty and its possible liens upon the Property. *See* Dkt. No. 121 ¶ 5. Specifically, Plaintiff contends that ECB has "possible liens and several outstanding penalties for non-compliance issued with respect to the Property and owed to the [ECB], including . . . violations with various numbers existing as of November 2022." *Id*. ¶ 54; Dkt. No. 121-20.

Plaintiff has named the DOF as a defendant in this action because of any lien or claim it may have regarding the Property, due to possible outstanding New York City corporate business or franchise tax liabilities owed by 366 Realty. *See* Dkt. Nos. 121 ¶ 6; 121-21.

**B.     Relevant Procedural History**

In light of the lengthy litigation history here, the Court presumes familiarity with the bulk of the procedural history of this case. *See, e.g.*, Dkt. Nos. 118 at 8-9, 110 at 4-6, 101 at 5, 95 at 3-4, 58 at 2-4.

---

[4] Citations are to ECF file-stamped pages unless otherwise noted.

Relevant to the analysis here, on April 12, 2024, Plaintiff moved for default judgment against Defendants Mizrahi, the Criminal Court, the ECB, the DOF, and Kassin.  *See* Dkt. 103. Judge Matsumoto subsequently referred that default judgment motion to the undersigned for a Report and Recommendation.  September 24, 2024 Text Order.

On November 26, 2024, the undersigned issued a Report and Recommendation, recommending that default judgment be granted as to Kassin, but that default judgment be denied as to Mizrahi, the Criminal Court, the ECB and the DOF.  *See* Dkt. No. 110 at 24.  Over Plaintiff's objections, *see* Dkt. No. 113, on February 20, 2025, Judge Matsumoto adopted that Report and Recommendation in full, granting Plaintiff's motion for default judgment as to Kassin, but denying it as to Mizrahi, the Criminal Court, the ECB and the DOF.  *See* Dkt. No. 118 at 24.

In accordance with Judge Matsumoto's Order, Plaintiff filed the Second Amended Complaint on February 28, 2025, addressing "the pleading deficiencies identified in the [Report & Recommendation] and [Order adopting it] regarding the Criminal Court [], the [ECB], and the [DOF]."[5]  Dkt. No. 121, Dkt. No. 118 Text Order.

Plaintiff served the Defaulting Defendants, respectively, on March 5, 2025 and March 6, 2025.  Dkt. Nos. 131-133.  On March 28, 2025, the Court directed Plaintiff to move, by April 4, 2025, for entry of a Clerk's certificate of default for any Defendant that had not yet answered and

---

[5] As noted above, Plaintiff's Second Amended Complaint reiterates claims against Kassin.  *See* Dkt. No. 121.  However, the Court previously granted Plaintiff's motion for default judgment against Kassin, *see* Dkt. Nos. 110, 118, and on September 19, 2025, the Court directed the Clerk of Court to enter judgment against Kassin.  September 19, 2025 Text Order.  The Court also struck Plaintiff's claims against defendant Kassin in its Second Amended Complaint and denied as moot Plaintiff's pending motion for default judgment as against Kassin at Dkt. No. 148 because the Court already granted Plaintiff's default judgment against Kassin at Dkt. No. 118.  *See id.* (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).")).

for which the time to do so had expired.  Dkt. No. 137 Text Entry.  Judge Matsumoto also referred any forthcoming motion for default judgment to the undersigned.  *Id*.

On April 4, 2025, Plaintiff requested a Clerk's certificate of default for the Defaulting Defendants.  Dkt. No. 138.  On April 8, 2025, the Clerk of Court entered a notation of default against the Defaulting Defendants.  Dkt. No. 140.  Plaintiff thereafter filed this Motion on May 15, 2025.  Dkt. No. 148.

On September 19, 2025, the Court directed Plaintiff to supplement its Motion by filing "a recent title search indicating all liens on the property at 366 Knickerbocker Avenue, Brooklyn, NY 11237, and the priority of such liens."  *See* September 19, 2025 Text Order.  Plaintiff supplemented its Motion on September 26, 2025.  Dkt. No. 157.

## II.  <u>Legal Standard</u>

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  "First, where a party's failure to respond is 'shown by affidavit or otherwise, the clerk must enter the party's default.'"  *Hwang v. Couple Spa 65, Inc.*, No. 23-CV-5336 (NGG) (RML), 2025 WL 2699944, at *3 (E.D.N.Y. Sept. 23, 2025) (quoting Fed. R. Civ. P. 55(a)).  "Second, the plaintiff must petition the Court for an entry of default judgment pursuant to Rule 55(b)(2)."  *Id.* (citing *Priestley*, 647 F.3d at 505).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Nonetheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v.*

*Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  The plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability.  *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

The decision to grant or deny a default motion is "left to the sound discretion of a district court."  *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)).  A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established."  *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).  The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt."  *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).

"The plaintiff bears the burden of alleging specific facts, rather than mere labels and conclusions or a formulaic recitation of the elements, so that a court may infer a defendant's liability."  *Hwang*, 2025 WL 2699944, at *3 (citation omitted).

8

## III.    Jurisdiction and Venue

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants." *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM) (CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

### A.    Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, because Plaintiff is citizen of South Dakota, Defendants are all citizens of New York, and the amount in controversy—exclusive of interest and costs—exceeds $75,000.00. *See* 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."); *see also* Dkt. No. 121 ¶¶ 1-7.

Accordingly, the undersigned respectfully recommends a finding that this Court has subject matter jurisdiction over Plaintiff's claims against the Defaulting Defendants.

### B.    Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (citation omitted); *see also BASF Corp.*, 2023 WL 8853704, at *5 ("A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." (internal quotations and citation omitted)).

9

Here, Plaintiff properly served each of the Defaulting Defendants with the summons and Second Amended Complaint.  *See* Dkt. Nos. 131-33.

Specifically, Plaintiff served ECB and DOF with the summons and Second Amended Complaint by serving copies of the same on the Office of the Corporation Counsel.  Dkt. Nos. 132-33.  ECB and DOF are New York City agencies and non-suable governmental entities.  *See* NYC Charter § 396 ("All actions . . . shall be brought in the name of the city of New York and not in that of any agency[.]").  Thus, when an action is brought against DOF, ECB, or another City agency, the Court construes the action as one against the City of New York.  *See, e.g., Windward Bora LLC v. Thomas*, No. 20-CV-5320 (DG) (MMH), 2022 WL 14731628, at *4 (E.D.N.Y. Sept. 30, 2022); *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2018 WL 11467906, at *1 (E.D.N.Y. Dec. 7, 2018); *Thompson v. Grey*, No. 08-CV-4499 (JBW), 2009 WL 2707397, at *5 (E.D.N.Y. Aug. 26, 2009), *aff'd*, 385 F. App'x 54 (2d Cir. 2010); *Alleva v. New York City Dep't of Investigation*, 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010), *aff'd*, 413 F. App'x 361 (2d Cir. 2011).

Additionally, because the ECB appeared in this case through counsel, *see* Dkt. Nos. 75, 112, the same was automatically served with the Second Amended Complaint via ECF.  *See* Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12-CV-5754 (LAK) (AJP), 2013 WL 6799973, at *5 (S.D.N.Y. Dec. 20, 2013) (holding that judgment debtors were served with amended complaint via ECF).

Plaintiff properly served the Criminal Court by delivering copies of the summons and Second Amended Complaint upon an individual authorized to accept service at its place of business at 120 Schermerhorn Street, Brooklyn, New York 11201.  *See* Dkt. No. 131.

Accordingly, the undersigned respectfully recommends a finding that this Court has personal jurisdiction over the Defaulting Defendants.

### C.    Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1). Here, Defaulting Defendants are considered residents of New York, and venue is therefore proper in this district.  *See* Dkt. No. 121 ¶¶ 2-7.

Accordingly, the undersigned respectfully recommends a finding that venue is proper as to the Defaulting Defendants in the United States District Court for the Eastern District of New York.

## IV.    <u>Procedural Compliance with Local Civil Rules 7.1 and 55.2</u>

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Co. v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)).  "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotations and citation omitted).

Local Civil Rule 7.1 requires that a plaintiff attach to a motion for default (1) a notice of motion specifying the applicable rules or statutes pursuant to which the motion is brought; (2) a memorandum of law setting forth the cases and other authorities relied upon in support of the motion; and (3) supporting affidavits and exhibits containing any factual information and portions

of the record necessary for the decision of the motion.  *See* L. Civ. R. 7.1.  Plaintiff complied with the procedural requirement set forth in Local Civil Rule 7.1 by filing a notice of motion (Dkt. No. 148), a memorandum of law (Dkt. No. 148-9), and affidavits and exhibits (Dkt. Nos. 148-1 – 148-8) in support of its motion.

Local Civil Rule 55.2 requires that a plaintiff attach to any motion for default judgment an affidavit or declaration showing that the clerk has entered a Certificate of Default, that the movant has complied with the Servicemembers Civil Relief Act ("SCRA"), and that the defaulting party is not known to be a minor or an incompetent person.  *See* L. Civ. R. 55.2(a)(1)(A)-(C); 50 U.S.C. § 3931.  A movant must also file a certificate of service indicating the motion and all supporting documents, including the Clerk's Certificate of Default, have been personally served on or mailed to the last residence (for a natural person) or business address (for an entity) of the defaulting party.  *Id*. at (a)(3).  Additionally, if damages, attorneys' fees, or costs are at issue, a moving party must also file "a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request."  *Id*. at (c).

In accordance with Local Civil Rule 55.2(a), Plaintiff has attached to its motion for default judgment the Clerk's certificate of default as to the Defaulting Defendants, *see* Dkt. No. 148-8, a copy of the Second Amended Complaint, *see* Dkt. No. 148-6, and a proposed form of default judgment, *see* Dkt. No. 148-10.  Moreover, because Defaulting Defendants are government agencies or entities and not natural persons, Plaintiff need neither demonstrate compliance with the SCRA, nor confirm that they are not minors or incompetent compliance with Local Civil Rule 55.2(a).  Per Local Civil Rule 55.2(a)(3), Plaintiff has mailed all papers submitted in connection with its motion for a default judgment to the "last known business address[es]" of the Defaulting Defendants.  *See* Dkt. 148-11; L. Civ. R. 55.2(a)(3).

Plaintiff has also submitted sufficient documentation to fulfill Local Rule 55.2(c)'s requirement to "file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." L. Civ. R. 55.2(c). Plaintiff's motion for default judgment does not seek interest, attorney's fees, and costs against the Defaulting Defendants; instead, it seeks foreclosure relief against these entities. *See* Dkt. No. 148-10 ¶ 2; 148-9. In support of its motion, and in compliance with Local Rule 55.2(c), Plaintiff has filed its declaration, affirmed by a person alleging personal knowledge, regarding the relative interests of the Defaulting Defendants sought to be extinguished by its motion. *See* Dkt. No. 148-1; L. Civ. R. 55.2(c).

Accordingly, the undersigned respectfully recommends a finding that the Court that Plaintiff has satisfied the jurisdictional requirements to proceed with its motion under Local Civil Rules 7.1 and 55.2.

## V.     **Discussion**

Plaintiff seeks a default judgment against the Defaulting Defendants for their respective failures to respond to the Second Amended Complaint. *See* Dkt. No. 148. Plaintiff alleges that the Defaulting Defendants are non-mortgagors holding some interests in or liens on the Property that are subordinate to the Mortgage. *See* Dkt. No. 121 ¶¶ 4-6, 53-55; *see also* Dkt. No. 148-9 at 9-11.

RPAPL § 1311 provides that "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be joined as a necessary party to a foreclosure action. RPAPL § 1311(3); *see also Bank of Am., N.A. v. Puig*, No. 17-CV-3361 (RRM) (ARL), 2020 WL 13540961, at *2 (E.D.N.Y. Sept. 21, 2020) (describing

13

RPAPL § 1311). "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB) (SMG), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542-43 (2d Dep't 2005)).

Entry of "[d]efault judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that 'any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien.'" *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020) (citations omitted). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Id.* (internal quotations and citation omitted). But "[w]here a necessary party is not joined, that 'party's rights are unaffected by the judgment of foreclosure and sale.'" *3301 Atl., LLC*, 2012 WL 2529196, at *14 (quoting *In re Oligbo*, 328 B.R. 619, 640 (Bankr. E.D.N.Y. 2005)).

Plaintiff named the Defaulting Defendants as nominal defendants in the Second Amended Complaint. *See* Dkt. No. 148 ¶¶ 4-6. Plaintiff does not seek monetary relief from these defendants; rather, they are named as defendants because their subordinate interests make them necessary parties to a foreclosure action under New York law. *See* RPAPL § 1311(3); *Wells Fargo Bank, N.A. v. Watts*, No. 16-CV-6919 (ENV) (RER), 2019 WL 3716190, at *1 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 3714582 (E.D.N.Y. Mar. 13, 2019).

With respect to municipal defendants, courts apply a heightened pleading standard to determine whether the plaintiff has established nominal liability. *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020)

(citations omitted) (explaining that courts apply a heightened pleading standard where a state or city agency is named as a defendant); *see also NDF1, LLC v. Cunningham*, 754 F. Supp. 3d 273, 286 (E.D.N.Y. 2024) ("With respect to municipal defendants ECB and DOF, courts apply a heightened pleading standard to determine whether the plaintiff has established nominal liability."). "The complaint must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant.'" *Windward Bora, LLC*, 2020 WL 1242828, at *5 (alterations omitted) (quoting RPAPL §§ 202(1), 202-a(1)). "If the lien exists 'by virtue of a judgment,' and the defendant is a state agency, the complaint must include 'the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor the judgment was recorded.'" *Id.* (alteration omitted) (quoting RPAPL § 202(2)). "If the defendant is a city agency, the complaint must include that same information, as well as 'a brief description of the grounds for or the nature of such judgment.'" *Id.* (quoting RPAPL § 202-a(2)). In addition, the plaintiff must substantiate their allegations with documentation. *See, e.g.*, *Baez*, 2020 WL 4261130, at *4 (collecting cases).

A.    **The Criminal Court**

Plaintiff alleges that the Criminal Court is a nominal defendant based on its status as a potential judgment creditor of 366 Realty and its possible liens upon the Property. *See* Dkt. No. 121 ¶ 4. Specifically, Plaintiff contends that the Criminal Court has judgment liens on the Property, including monetary judgments in its favor and against 366 Realty LLC

> in the amount of (i) $2,750, docketed February 17, 2017, by the Clerk of the Criminal Court of Kings County, as Control Number 003594062 01, obtained in the Kings County Criminal Court at Index No. 2010SK113570, and (ii) $52,750, docketed February 17, 2017, by the Clerk of the Criminal Court of Kings County, as

15

> Control Number 003594063, obtained in the Kings County Criminal
> Court at Index No. 2010SK115382.

Dkt. Nos. 121 ¶ 53; 121-19 at 2-3.

Here, the Court finds that Plaintiff has met the heightened pleading standards with respect to the Criminal Court by submitting documentation relating to judgements of $2,750 and $52,750 docketed in favor the Criminal Court and against 366 Realty, including the name of the court, date recorded, docket number, and the names of the parties. *See* Dkt. No. 121-19 at 2, 3. This information is sufficient to establish the Criminal Court's interest in the Property and thus its nominal liability. *See Baez*, 2020 WL 4261130, at *4 (E.D.N.Y. July 24, 2020) (holding heightened pleading standard met where documentation relating to the judgment lien shows the name of the court, date recorded, and docket number, and identifies the parties).

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for default judgment be granted as to the Criminal Court.

### B.    The ECB

Plaintiff alleges that the ECB is a nominal defendant based on its status as a potential judgment creditor of 366 Realty and its possible liens upon the Property. *See* Dkt. No. 121 ¶ 5. Specifically, Plaintiff contends that ECB has "possible liens and several outstanding penalties for non-compliance issued with respect to the Property and owed to the [ECB], including . . . violations with various numbers existing as of November 2022." *Id*. ¶ 54; Dkt. No. 121-20. Plaintiff attaches to its Second Amended Complaint evidence of a series of fines issued by ECB against the Property, dating from September 2014 to November 2022. *See* Dkt. No. 121-20 at 2. Plaintiff's supplemental filing also reveals additional fines issued since November 2022, with some as recent as March 2025. *See* Dkt. No. 157-1 at 9. Plaintiff's submissions contain details regarding the fines (which range in value from $300 to $1000), as well as their alleged violation numbers, order

dates, notice dates, docket dates, and balances due.  *Id.*; *see* Dkt. No. 121-20 at 2.  The Court finds that this information is sufficient to meet the heightened pleading standards with respect to the ECB.  *See NDF1, LLC*, 754 F. Supp. 3d at 287 (finding that the plaintiff sufficiently alleged the nominal liability of ECB where "the complaint references an Exhibit G, which lists twelve sanitation violations recorded against the [property at issue] and includes the dates of the violations, the penalty amounts, and their current status."); *see Courchevel 1850 LLC v. Pinto-Bedoya*, No. 16-CV-6716 (NGG) (RER), 2017 WL 5157451, at *1 (E.D.N.Y. Nov. 7, 2017) (plaintiff met RPAPL § 202-a's enhanced pleading burden by attaching "list of citations" that defaulting city agency had issued against the debtor defendant's other properties, although "the Complaint's allegations are somewhat sparse" regarding the agency's lien against the subject property), *report and recommendation adopted*, 2017 WL 8793381 (E.D.N.Y. May 11, 2017).

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for default judgment be granted as to the ECB.

### C.    The DOF

Plaintiff alleges that the DOF is a nominal defendant because of any lien or claim it may have regarding the Property, due to possible outstanding New York City corporate business or franchise tax liabilities owed by 366 Realty.  *See* Dkt. Nos. 121 ¶ 6; 121-21.  As documentary evidence of the DOF's potential interest in the Property, Plaintiff attaches what appears to be one page of a title search that lists the DOF as a one of six "necessary party defendant[s]" based on "Possible NYC Business Tax."  *See* Dkt. No. 121-21 at 2.  Plaintiff's supplemental submission on September 26, 2025 did not contain additional information regarding the DOF's potential interest in the Property.  *See* Dkt. No. 157.

Ultimately, Plaintiff's proffered information is insufficient to meet RPAPL § 202-a's heightened pleading standard. *See NDF1*, 2024 WL 4509759, at *1 (adopting report and recommendation finding that plaintiff's conclusory allegations regarding DOF's alleged interest in the property were insufficient to meet RPAPL s 202-a's heightened pleading); *SAC Fund II 0826, LLC v. Burnell's Enterprises, Inc.*, No. 18-CV-3504 (ENV) (PK), 2019 WL 5694078, at *7 (E.D.N.Y. Sept. 7, 2019) ("Plaintiff does not allege more than 'bare allegations' of the DOF's interest and thus did not reach the heightened pleading standard that is required for this Defendant."), *report and recommendation adopted*, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019); *Miss Jones, LLC v. Brahmadutta Bisram, Y & S Dev. of NY, Inc.*, No. 16-CV-7020 (NGG) (SMG), 2018 WL 2074200, at *4 (E.D.N.Y. Feb. 5, 2018) (recommending denial of motion for default judgment against DOF because plaintiff failed to meet the heightened pleading requirements of RPAPL § 202-a), *report and recommendation adopted*, 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018).

As noted above, Plaintiff's prior motion for default judgment, *see* Dkt. No. 103, was denied as against the DOF, on similar grounds. *See* Dkt. No. 110 at 22-23, *report and recommendation adopted*, Dkt. No. 118. In the Second Amended Complaint and in Plaintiff's memorandum in support of its default judgment motion, Plaintiff states that the amount and extent of [the DOF's interest] is "currently unknown by public search." *See* Dkt. Nos. 121 ¶ 55; 148-9 at 10. Moreover, in its objection to the Court's November 11, 2024 Report and Recommendation, *see* Dkt. No. 113, Plaintiff stated that:

> due to the nature of [366 Realty] as a limited liability company, the title company is unable to determine with certainty what if anything is owed [to the DOF] in business taxes. Furthermore, Plaintiff has been advised by a title company that the State and City of New York have required that tax status requests come directly from the limited liability company and not from an outside party, such as the title

18

> company.    Therefore, Plaintiff is unaware of the specifics concerning the taxes owed and any lien that the [DOF] may have to be able to plead additional information.

Dkt. No. 113 at 9.

If Plaintiff is able to obtain the information necessary to substantiate the DOF's potential interest, whether from 366 Realty or elsewhere, and satisfy RPAPL § 202-a's heightened pleading standard, it may renew its motion to do so.  A motion for default judgment as to the DOF, however, will not be granted without "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant."  RPAPL § 202-a(1); *see also Cit Bank v. Dambra*, No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015) (finding list of citations sufficient to establish [agency's] nominal liability), *report and recommendation*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).

Significantly, however, the Court notes that, in a mortgage foreclosure action, "if a plaintiff wishes to have the property sold subject to a lien, [the Court] see[s] no impediment to it doing so."[6]  *E. Sav. Bank v. Walker*, 775 F. Supp. 2d 565, 574 (E.D.N.Y. 2011); *see also In re Comcoach Corp.*, 698 F.2d 571, 574 (2d Cir. 1983) ("The absence of a necessary party in a foreclosure action simply leaves such party's rights to the premises unaffected." (internal citations omitted)); *Glass v. Estate of Gold*, 48 A.D.3d 746, 746-47 (2d Dep't 2008).

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be but denied, without prejudice, as against the DOF.

---

[6] Like the Court in *Walker*, this Court makes no representation as to the commercial reasonability of taking such action.  *See Walker*, 775 F. Supp. 2d at 574 n.10.

19

VI.    **Conclusion**

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be **GRANTED** as against the Criminal Court and the ECB but **DENIED** as against the DOF.

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on Defaulting Defendants by overnight mail and first-class mail and file proof of service on ECF by September 29, 2025.

Copies shall be served at the following addresses:

NYC Department of Finance
100 Church Street
New York, NY 10007

NYC Environmental Control Board
59-17 Junction Boulevard
Corona, NY 11368

Criminal Court of the City of New York
120 Schermerhorn Street
Brooklyn, New York 11201

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Matsumoto. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010);

*Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York
            September 27, 2025              **SO ORDERED.**

                                            _/s/ Joseph A. Marutollo_
                                            JOSEPH A. MARUTOLLO
                                            United States Magistrate Judge