UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS, LLC,<br><br>                    Plaintiff,<br><br>         -against-<br><br>366 REALTY LLC; JOSHUA MIZRAHI; CRIMINAL COURT OF THE CITY OF NEW YORK; NYC ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY DEPARTMENT OF FINANCE; and KASSIN SABBAGH REALTY LLC,<br><br>                    Defendants. | ORDER APPOINTING A RENT RECEIVER<br><br>17-CV-3570 (KAM) (JAM) |

        For the reasons set forth in the Court's October 15, 2025 Memorandum and Order (Dkt. No. 162), and per the filings set forth at Dkt. Nos. 142-1, 167, and 168, the Court ORDERS, pursuant to Fed. R. Civ. P. 66, that:

        1.     <u>Sanjay Gandhi, Senior Managing Director of Besen Partners, located at 13 West 38th Street, New York, New York 10018, telephone number: (646) 472-8725</u>, be and hereby is appointed, with the usual powers and directions, receiver (the "**Receiver**"), for the benefit of the Plaintiff, of all rents and profits, including use and occupancy payments (collectively, the "**Rents**"), from the mortgaged property described in the Second Amended Complaint and commonly known as 366 Knickerbocker Avenue, Brooklyn, New York 11237, and more particularly bounded and described on <u>Schedule A</u> hereto (the "**Property**");

        2.     Before entering upon his duties, the Receiver shall be sworn to fairly and faithfully discharge the trust committed to him and shall execute and file with the Clerk of this Court his

oath and an undertaking with sufficient sureties, in the penal sum of <u>Five Thousand Dollars and Zero Cents ($5,000.00)</u>, conditioned for the faithful discharge of his duties as Receiver;

        3.      The Receiver be and hereby is authorized to forthwith take charge and enter into possession of the Property and is directed to manage the Property and to demand, collect and receive from the tenant or tenants in possession of said Property, or other persons liable therefor, all the Rents thereof now due and unpaid or hereafter to become due; and that said Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of said Property or to recover possession of the whole, or any part thereof, and to institute and prosecute suits for the collection of Rents now due or hereafter to become due, and summary proceedings for the removal of any tenant or tenants or other persons therefrom, to be brought before the Civil Court of the City of New York, Kings County.

        4.      The Receiver shall forthwith deposit all monies received by him at the time he receives the same in his own name, as the Receiver, and such account shall show the name of this action in a segregated account in a bank insured by the FDIC using the federal tax identification number of 366 Realty LLC and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver in accordance with the terms of this Order; and the said depository shall send monthly statements of deposits in, and withdrawals from, the said account to the said Receiver, who shall provide a copy to counsel for the Plaintiff and counsel for Defendants 366 Realty LLC and Joshua Mizrahi;

        5.      The Receiver is authorized (i) to rent or lease for terms not exceeding one year any part of the Property or such longer terms as may be approved by this Court; (ii) to keep the Property insured against loss, damage by fire or public liability; (iii) to repair, pay taxes, including past due taxes to the extent sufficient Rents are collected, municipal assessments and water rates and sewer

charges due thereon; (iv) to pay all ordinary and necessary current costs of operating the Property; and (v) otherwise to do all things necessary for the due care and proper management of the Property;

6. Defendants 366 Realty LLC and Joshua Mizrahi and their members, managers, agents, servants and employees, or any party in possession thereof, shall immediately turn over to the Receiver all of the monies now on deposit with them as rent security, to be held by the Receiver in a separate account in a bank insured by the FDIC, subject to such disposition thereof as shall be provided in a further Order of the Court to be made and entered in the foreclosure action, unless doing so would be inconsistent with the agreement between the landlord and tenant, in which case the Receiver shall return the security deposit in accordance with such agreement;

7. Defendants 366 Realty LLC and Joshua Mizrahi and their members, managers, agents, servants and employees, or any party in possession thereof, shall immediately turn over all Rents of the Property and all of the monies now on deposit in any operating accounts to be held by the Receiver in an account in a bank insured by the FDIC, to be used by the Receiver in accordance with this Order;

8. Defendants 366 Realty LLC and Joshua Mizrahi shall, within ten (10) days of service of this Order, deliver to the Receiver any and all papers and other things affecting the rental or other operation of the Property or any part or parts thereof which they have in their possession or which are in the possession of their members, managers, agents, servants or employees, including but not limited to, the following:

(a) all keys, access cards, or codes to entrance doors, storage and boiler rooms, etc., of the Property;

(b) all leases and amendments thereto in effect for the tenants and equipment at the Property;

(c) copies of all current rent rolls and tenancy lists relating to the Property;

(d) a reconciliation of all security deposits and accounts, and a list setting forth each account number and the name of the depository wherein each account is maintained;

(e) copies of all current financial statements, including, but not limited to, all documentation concerning delinquent tenants at the Property;

(f) all documents containing references to all utility accounts including, but not limited to, electricity, gas, heat, water and telephone service;

(g) the names and account numbers of all utility companies servicing the Property;

(h) copies of all insurance policies in effect for the Property and any part thereof;

(i) copies of all contracts relating in any way to the Property including, but not limited to, contracts with vendors or other service personnel;

(j) a list of suppliers and copies of all contracts currently in force, including service and vendor contracts;

(k) an employee roster and payroll information;

(l) a list of any proceedings in any Court regarding or relating to leases on the Property and all pleadings in connection with same;

(m) copies of any Court stipulations for payment of rent or arrearages;

(n) an equipment and inventory list, if any;

(o) the taxpayer identification number for Defendants 366 Realty LLC;

(p) copies of all Real Property Income and Expense Reports filed by the Borrower and copies of any tax grievances, if any;

(q) copies of all violations against the Property or the Borrower, if any; and

(r) such other items, records or documents that the Receiver may reasonably require to lease, manage and maintain the Property;

9. The Receiver may hereafter request the production of additional documents and information related to the Property, and 366 Realty LLC shall have five (5) business days to comply with such request or advise the Court of any objection to such request, in which case the obligation to comply with such request shall be subject to further Order of this Court;

10. Defendants 366 Realty LLC and Joshua Mizrahi shall, within ten (10) days of service of this Order, advise the Receiver of any pending real estate tax appeals involving the Property, and the Receiver shall be entitled to intervene in such proceedings in place of Defendant 366 Realty LLC;

11. Upon the issuance of Notices to Attorn by the Receiver, the tenants or other persons in possession of said Property shall attorn to said Receiver and pay over to said Receiver all Rents of such Property now due and unpaid, or that may hereafter become due; and that Defendants 366 Realty LLC and Joshua Mizrahi and their members, managers, agents, servants and employees, or any other related party, be enjoined and restrained from collecting the Rents of said Property and from interfering in any manner with the Property or its possession by the Receiver; and that all tenants of the Property and other persons liable for the Rents be and hereby are enjoined and restrained from paying any Rent for such Property to Defendants 366 Realty LLC, Joshua Mizrahi or their members, managers, agents, servants and employees, or any person or entity other than the Receiver;

12. All persons now or hereafter in possession of the Property, or any part thereof, and not holding such possession under valid and existing leases or tenancies, do forthwith surrender possession to the Receiver, subject to any applicable emergency rent laws, if any;

13. The Receiver, after paying the current expenses of the management and care of the Property, and establishing such reserves as he may deem reasonably necessary for the maintenance and care of the Property, upon Plaintiff's written request, shall remit the balance of the Rents to

5

the Plaintiff on a monthly basis, which shall be applied by the Plaintiff to the balance due under the loan in any manner and in any order determined by the Plaintiff, in the Plaintiff's discretion;

14. The Receiver be and hereby is authorized to make any reasonable and necessary ordinary repairs and maintenance to the Property, provided that any non-emergency repair or maintenance expense anticipated to be in excess of $10,000 shall be subject to prior Order of this Court;

15. The Receiver shall not incur any expense, fees, charges, or costs in excess of the Rents collected without prior Order of this Court;

16. The Receiver shall prepare monthly reports, which reports shall include an accounting of income and expenses, itemization of fees and disbursements, a calculation of any surplus rents, the most recent statement for the Bank Account, and a description of any leasing changes or property management issues, and shall provide said reports to counsel for the Plaintiff and counsel for Defendants 366 Realty LLC and Joshua Mizrahi by the 20th day of each month;

17. 366 Realty LLC, Joshua Mizrahi, and their members, managers, agents, servants and employees, or any other related party are hereby ordered to cooperate in all respects with the Receiver in order to enable the Receiver to collect the Rents and otherwise perform the Receiver's duties and obligations under this Order;

18. The Receiver, or any party hereto, may at any time, on proper notice to all parties who may appear in this action, apply to this Court for further or other instructions or powers necessary to enable the Receiver to properly fulfill his duties;

19. The Receiver shall continue as Receiver until further Order of this Court;

20. The Receiver shall be permitted to appoint an attorney, appraiser, auctioneer, accountant or other agent upon Order of this Court after having moved in a separate application;

21. The Receiver shall register with any municipal departments as provided by

applicable law;

22.     The Receiver shall give a priority to the expenditure of rents and income and profits to the correction of immediately hazardous conditions and violations of housing maintenance laws within the time set by orders of any municipal department, or, if not practicable, seek a postponement of time for compliance;

23.     By accepting the receivership appointment and entering upon the duties of the receivership, the Receiver certifies that, as of the date this order is executed he is, (1) qualified to serve as receiver pursuant to the applicable laws; (2) capable of serving as the Court appointed Receiver; and that if at any time during the receivership, he is no longer qualified or capable of serving as the Court-appointed Receiver, he will promptly notify the Court;

24.     By accepting the appointment, the Receiver additionally certifies that he shall obey the Court's orders, is familiar and experienced with the duties and responsibilities of a Receiver and is fully capable and prepared to assume and meet those duties and responsibilities;

25.     The Court may issue sanctions against any party that fails to adhere to Court orders, including the Receiver; and

26.     The Clerk of the Court is directed to administratively close this matter subject to re-opening consistent with the above.

Dated:      Brooklyn, New York
            November 19, 2025                  **SO ORDERED.**

                                                /s/ Joseph A. Marutollo
                                               JOSEPH A. MARUTOLLO
                                               United States Magistrate Judge

# SCHEDULE A

[LEGAL DESCRIPTION]

ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southwesterly side of Knickerbocker Avenue, distant 125 feet northwesterly from the corner formed by the intersection of the southwesterly side of Knickerbocker Avenue with the northwesterly side of Stanhope Street;

RUNNING THENCE northwesterly along Knickerbocker Avenue, 25 feet;

THENCE southwesterly and parallel with Stanhope Street, 100 feet;

THENCE southeasterly parallel with Knickerbocker Avenue, 25 feet;

THENCE northeasterly parallel with Stanhope Street and part of the distance through a party wall, 100 feet to the point or place of BEGINNING.