**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF COMM 2014-UBS6 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, BY AND THROUGH ITS SPECIAL SERVICER, LNR PARTNERS LLC, <br><br> Plaintiff, <br><br> -against- <br><br> 366 REALTY LLC; JOSHUA MIZRAHI; CRIMINAL COURT OF THE CITY OF NEW YORK; NYC ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY DEPARTMENT OF FINANCE; and KASSIN SABBAGH REALTY LLC, <br><br> Defendants. | Case No.: 1:17-cv-03570-KAM-JAM <br><br><br> **JUDGMENT OF FORECLOSURE AND SALE AND OTHER RELIEF** <br><br> **Property Location:** <br><br> 366 Knickerbocker Avenue <br> Brooklyn, New York 11237 <br> Block: 3257, Lot: 29 |

On the Motion of McCarter & English, LLP, attorneys for Plaintiff, for Judgment of Foreclosure and Sale and Other Relief, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Motion is hereby granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that pursuant to the Report and Recommendation, Confirming Memorandum and Order, and the documents executed in connection with the Loan (the "Loan Documents"), it is hereby determined and confirmed that Plaintiff is owed in the aggregate (i) $ **3,603,179.68**, plus interest accruing at a **daily rate** of $622.58 (collectively, the "Judgment Amount") from July 31, 2023 through the entry of Judgment Of Foreclosure and Sale And Other Relief, (ii) advances by Plaintiff subsequent

to July 31, 2023 in the amount of $ **140,769.34** and (iii) attorney fees in the amount of

$ **264,645.50** and costs in the amount of $ **4,951.99** with post judgment interest to accrue

thereon; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendants 366 Realty LLC and

Mr. Mizrahi shall be liable for payment of the whole residue, or so much thereof as the Court

may determine to be just and equitable, of the Mortgage Indebtedness and interest accruals

thereon remaining unsatisfied after a sale of the Mortgaged Premises and the application of the

proceeds in accordance with this Judgment, and Plaintiff may bring a motion in this action in

accordance with New York Real Property Actions and Proceedings Law 1371 for leave to enter a

deficiency judgment against Defendants 366 Realty LLC and  Mr. Mizrahi; and it is further

**ORDERED, ADJUDGED AND DECREED** that due to the failure of Defendants

(i) Joshua Mizrahi, (ii) Criminal Court of the City of New York, (iii) NYC Environmental

Control Board, and (iv) Kassin Sabbagh Realty LLC to plead or otherwise substantively

respond to the First Amended Complaint filed in this matter in the time permitted by law,

each foregoing Defendant has been determined to be in default pursuant to the Certificate

of Default dated December 7, 2023 issued by the Clerk of Court [ECF No. 93] and judgment for

the relief sought in connection with this foreclosure action as alleged against each Defendant

is hereby entered against each Defendant and each Defendant is hereby forever barred and

foreclosed of all right, claim, lien, title, interest and equity of redemption in the said

Mortgaged Property (as defined herein) and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant New York City

Department of Finance is hereby terminated from this action, consistent with Plaintiff's Notice of

Discontinuance [ECF No. 186] and the Court's Order dated June 5, 2026; and it is further

ME1 48120495v.1

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Property described in the First and Second Amended Complaints in this action, commonly known as 366 Knickerbocker Avenue, Brooklyn, New York 11237, be sold, within ninety (90) days of the date of entry of this Judgment of Foreclosure and Sale, in one parcel, at public auction, by and under the direction of Domenick Napoletano, Esq. (NYS Fid. #108032), who is hereby appointed Referee for that purpose (the "Referee"); and it is further

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Administrative Judge (22 NYCRR Part 36), including but not limited to §36.2(c) ("Disqualifications from appointment") and §36.2(d) ("Limitations on appointments based on compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative, is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the Referee does not conduct the sale within ninety days of Court entry of this Judgment of Foreclosure and Sale, in accordance with NY Civil Practice Law and Rules ("CPLR") 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUDGED AND DECREED** that at the time of sale, the Referee shall accept a written bid from Plaintiff or Plaintiff's attorney or representative, just as though Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall accept the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that the successful bidder immediately execute the Terms of Sale for the purchase of the Mortgaged Property, and pay to the Referee, in cash or certified or bank check, 10% of the sum bid, unless the successful bidder is Plaintiff, in which case no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the successful bidder fails to execute the Terms of Sale immediately following the bidding upon the Mortgaged Property or fails to immediately pay the 10% deposit as required, the Mortgaged Property shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in any New York City Bank in his/her own name as Referee, in accordance with CPLR 2609; and it is further

**ORDERED, ADJUDGED AND DECREED** that after the Mortgaged Property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the Terms of Sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event a party other than Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than thirty days after the date of such sale, unless otherwise stipulated by Plaintiff and all parties to the sale; and it is further

ME1 48120495v.1

**ORDERED, ADJUDGED AND DECREED** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, water rates, which are, or may become, liens on the Mortgaged Property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall then deposit the balance of said proceeds of sale in his/her own name as Referee, and shall thereafter make the following payments in accordance with RPAPL §1354 as follows:

FIRST:  The Referee's statutory fees for conducting the sale in accordance with CPLR 8003(b), not to exceed $750.00, unless the Mortgaged Property sells for $50,000 or more.  In the event the sale price exceeds $50,000 and additional compensation (including commissions) is sought pursuant to CPLR 8003(b), and if no surplus monies are produced by the sale, Plaintiff and the Referee may present a stipulation, signed by Plaintiff and the Referee, agreeing to a stated sum, to be so ordered by the Court.  Where surplus monies will be available following distribution of sums as provided herein, or where Plaintiff and the Referee are unable to agree to the Referee's proper compensation under CPLR 8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption.  Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale.  The five-day period for payment of surplus money into Court as set forth in RPAPL §1354(4), and the thirty-day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

5

ME1 48120495v.1

SECOND:  All taxes, assessments, and water rates that are liens upon the Mortgaged Property and monies necessary to redeem the Mortgaged Property from any sales for unpaid taxes, assessments, and water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2).  The purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale.  The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment.  The purchaser shall hold the Referee harmless from any such penalties or fees assessed.

THIRD:  The expenses of sale and the advertising expenses as shown on the bills presented and certified by the Referee to be correct, duplicate copies of which shall be annexed to the Report of Sale.

FOURTH:  The Referee shall then pay to Plaintiff or its attorney, (i) the mortgage debt as calculated in accordance with this Judgment, and interest at the post-judgment rate thereafter, together with any advances as provided for in the Note and the Mortgage which Plaintiff has made for taxes, insurance, and any other charges to maintain the Mortgaged Property pending consummation of the foreclosure sale not previously included in the mortgage debt, upon presentation of receipts for said expenditures to the Referee, together with interest thereon pursuant to the Note and the Mortgage.

FIFTH:  Surplus monies arising from the sale shall be paid into Court by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED** that if Plaintiff is the purchaser of the Mortgaged Property, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff or its assignee or designee, a deed of the

6

Mortgaged Property sold upon the payment to said Referee of the amounts specified in terms marked "FIRST," "SECOND," and "THIRD" above; that the Referee shall allow Plaintiff to pay the amounts specified in "SECOND" and "THIRD" above when the Referee is recording the deed; that the balance of the bid, after deducting the amounts paid by Plaintiff, shall be applied to the amount due Plaintiff as specified in "FOURTH" above; and that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "FIFTH" above; and it is further

**ORDERED, ADJUDGED AND DECREED** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the Mortgaged Property at the time of sale, shall be paid by the purchaser, not by the Referee from the sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the sale proceeds distributed in accordance with paragraphs "FIRST," "SECOND," "THIRD," and "FOURTH" above are insufficient to pay Plaintiff the mortgage debt as set forth in paragraph "FOURTH" above, Plaintiff may seek to recover a deficiency judgment in accordance with RPAPL § 1371 if permitted by law; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the Mortgaged Property would disclose; any facts that an accurate survey of the Mortgaged Property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Property is located and possible violations of same; any

7

ME1 48120495v.1

rights of tenants or persons in possession of the Mortgaged Property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; and any equity of redemption of the United States of America to redeem the Mortgaged Property within 120 days from the date of sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser be let into possession of the Mortgaged Property upon production in hand of the Referee's deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the Mortgaged Property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title and interest in the Mortgaged Property after the sale of the Mortgaged Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that within thirty days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the purchaser at said sale defaults upon the bid and/or the Terms of Sale, the Referee may place the Mortgaged Property for resale without prior application to the Court, unless Plaintiff's attorney elects to make such application; and it is further

**ORDERED, ADJUDGED AND DECREED** following the Sale, if the proceeds of the Sale be insufficient to pay the amount reported due to Plaintiff with interest and costs amounts aforesaid, Plaintiff may file a motion with this Court to fix the liability of the Borrower and/or

ME1 48120495v.1

Guarantor pursuant to the Loan Documents (the "Deficiency Motion"), including the Guaranty of Recourse Obligations signed by Defendant Joshua Mizrahi; and it is further

**ORDERED, ADJUDGED AND DECREED** that such Deficiency Motion shall be served upon Defendants 366 Realty, LLC and Joshua Mizrahi by overnight delivery to their counsel; and it is further

**ORDERED, ADJUDGED AND DECREED** that if any surplus remains after application of the purchase price to the taxes, assessments, sewer rents or water rates and all sums due to Plaintiff, any interested party may make an application to the Court for recovery of such surplus; and it is further

**ORDERED, ADJUDGED AND DECREED** that each of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of the Notice of Pendency of this action, be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Mortgaged Property is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Property are located and possible violations of same; any rights of tenants or persons in possession; prior mortgage lien(s) of record, if any, and any advances and arrears thereunder; prior lien(s) of record, if any, except those liens addressed in Section 1354 of the R.P.A.P.L.; and it is further

9

ME1 48120495v.1

**ORDERED, ADJUDGED AND DECREED** that the Referee, after (a) conducting the Sale described herein, (b) depositing with the Clerk of the Court the Deposit, and (c) issuing a valid deed under the terms herein, be held harmless from any and all liability, losses, damages, or claims arising out of or in connection with the Sale or the Deposit;

Said Mortgaged Property commonly known as 366 Knickerbocker Avenue, Brooklyn, New York 11237, Block: 3257, Lot: 29.

A description of the said Mortgaged Property hereinbefore mentioned is annexed hereto and made a part hereof.  See SCHEDULE A.

ENTER,

Dated: Brooklyn, NY
    July 8, 2026

HON. KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

10

ME1 48120495v.1

## SCHEDULE A

(Legal Description of the Mortgaged Property)

ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southwesterly side of Knickerbockers Avenue, distant 125 feet northwesterly from the corner for med by the intersection of the southwesterly side of Knickerbocker Avenue with the northwesterly side of Stanhope Street;

RUNNING THENCE northwesterly along Knickerbocker Avenue, 25 feet;

THENCE southwesterly and parallel with Stanhope Street, 100 feet;

THENCE southeasterly parallel with Knickerbocker Avenue, 25 feet;

THENCE northeasterly parallel with Stanhope Street and part of the distance through a party wall, 100 feet to the point or place of BEGINNING.

11

ME1 48120495v.1